MARK P. RESSLER (*admitted pro hac vice*)
R. TALI EPSTEIN (*admitted pro hac vice*)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone:  (212) 506-1700
Facsimile:   (212) 506-1800
mressler@kasowitz.com
tepstein@kasowitz.com

JASON S. TAKENOUCHI (SBN 234835)
KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
101 California Street, Suite 2300
San Francisco, California 94111
Telephone:  (415) 421-6140
Facsimile:   (415) 398-5030
jtakenouchi@kasowitz.com

*Attorneys for Plaintiff-Counterdefendant Copart, Inc.*

LEWIS & LLEWELLYN LLP
  Paul T. Llewellyn (Cal. Bar No. 216887)
  Marc R. Lewis (Cal. Bar No. 233306)
  Ryan B. Erickson (Cal. Bar No. 268239)
  Matthew Dickman (Cal Bar No. 268108)
505 Montgomery Street, Suite 1300
San Francisco, California 94111
Telephone:  (415) 800-0590
Facsimile:   (415) 390-2127
Email: pllewellyn@lewisllewellyn.com
             mlewis@lewisllewellyn.com
             rerickson@lewisllewellyn.com
             mdickman@lewisllewellyn.com

GIBSON, DUNN & CRUTCHER LLP
  Frederick Brown (Cal. Bar No. 65316)
555 Mission Street, Suite 3000
San Francisco, California 94105
Telephone:  (415) 393-8200
Facsimile:   (415) 393-8306
Email:  fbrown@gibsondunn.com

*Attorneys for Defendant-Counterplaintiff Sparta Consulting, Inc.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPART, INC., <br><br> Plaintiff-Counterdefendant, <br><br> v. <br><br> SPARTA CONSULTING, INC., <br><br> Defendant-Counterplaintiff. | CASE NO. 2:14-cv-00046-KJM-CKD <br><br> **STIPULATION AND PROTECTIVE ORDER** |

WHEREAS, the parties agree that certain documents, testimony and information to be provided or produced in this action (the "Action") may contain confidential information (as defined below), the unrestricted disclosure of which would be detrimental to legitimate confidential business or privacy interests;

IT IS HEREBY STIPULATED AND AGREED that:

## SCOPE OF PROTECTIVE ORDER

1. Any party who is required to produce documents or provide testimony or information in discovery in this Action may designate as "Confidential" documents, testimony or information that the party believes in good faith satisfies the definition of "Confidential" as referenced in this stipulated Protective Order ("Protective Order"). Any non-party to this Action may designate any discovery material produced by it, whether pursuant to subpoena or by agreement, as "Confidential" pursuant to the terms of this Protective Order, upon such non-party's execution of an Acknowledgment and Agreement to be bound in the form attached to this Protective Order as Exhibit A. This Protective Order shall be subject to all applicable rules governing protective orders, including without limitation the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Eastern District of California, and this Court's orders.

## "Confidential" Litigation Materials

2. This Protective Order shall be applicable to and govern "Litigation Materials" which means all discovery materials (documents, interrogatory answers, responses to requests for admissions, depositions and exhibits) produced or obtained from any party or non-party in the course of the Action to the extent such materials qualify for "Confidential" treatment in accordance with this Protective Order.

3. The term "Confidential" as used in this Protective Order means Litigation Materials that the producing party or non-party believes in good faith constitute, contain, and/or would disclose the producing party's or producing non-party's non-public business information that the producing party reasonably believes to be so competitively sensitive that the producing party would suffer competitive harm if such information were disclosed to the public; or with

respect to individuals, highly sensitive personal information. A designating party or non-party must take care to designate only those Litigation Materials, or parts thereof, that qualify as "Confidential" and if it comes to a party's or non-party's attention that information or items that it designated for protection do not, or no longer, qualify for protection, or do not qualify for the level of protection initially asserted, that party or non-party must notify all other parties that it is withdrawing the mistaken designation. Parties shall not assert blanket confidentiality designations to productions, and mass, indiscriminate, or routine designations are prohibited. Designations that are shown to be unjustified or that have been made for an improper purpose and failure to use good faith to withdraw mistaken designations expose the designating party to sanctions.

  4. Litigation Materials designated as "Confidential" shall be referred to herein collectively as "Designated Materials." All Designated Materials shall be produced for inspection in their original form or as a clear, legible and accurate copy.

  5. Designated Materials shall only be used by the parties and their counsel for the purpose of the prosecution or defense of this Action, including preparing for and conducting pre-trial, trial, and post-trial proceedings ("Permissible Uses").

  6. The designation of Litigation Materials as "Confidential" shall be made in the following manner:

    (a) In the case of documents or other written materials (apart from depositions transcripts): by affixing (without obscuring or defacing the contents of the document) the legend "Confidential" to each page containing any "Confidential" material, or if impracticable, by otherwise indicating via cover letter or other written communication by the designating party or non-party that the specified materials are "Confidential"; and

    (b) In the case of depositions, including any exhibits introduced or discussed during such deposition or other pre-trial testimony: by written notice, sent by counsel for the designating party or non-party to all parties within fifteen (15) days after receiving a copy of the transcript thereof, listing the specific pages and lines of

the transcript that should be treated as "Confidential," and such notation shall be affixed to each copy of the transcript in the possession, custody or control of the parties and non-parties to the litigation who are permitted access to such Designated Materials pursuant to this Protective Order, as applicable. A party or non-party shall designate specific portions of deposition transcripts as "Confidential" only if it believes in good faith that such material satisfies the criteria specified in paragraph 3 above. If a party or non-party claims that any deposition exhibit is "Confidential" the parties or non-parties shall have the opportunity to meet and confer about the specific information contained therein which is "Confidential," and the party or non-party marking the document as an exhibit shall have the opportunity to submit a redacted document, if possible, so as to avoid a "Confidential" designation.

7. Nothing in this Protective Order affects the rights of the party or non-party that produced the Designated Materials to use or disclose them in any way. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties, non-parties, or their attorneys to use or disclose the Designated Materials in violation of the Protective Order, unless they become unprotected or their designation is withdrawn or successfully challenged pursuant to this Protective Order.

**Authorized Recipients of Designated Materials**

8. "Confidential" materials or copies or extracts therefrom and the information therein, may be given, shown, made available to, or communicated only to the following "Authorized Recipients":

(a) The Court;

(b) Court personnel, mediators, special masters, discovery referees, and court reporters and videographers recording testimony in this Action;

(c) Counsel of record for the named parties and the parties' in-house counsel and employees of such counsel to whom it is necessary that the Designated Materials be shown for purposes of the prosecution or defense of this Action, provided that

1 no Designated Material shall be disclosed to any temporary employees of counsel to the parties unless and until such person has executed an Acknowledgment and Agreement to be bound substantially in the form attached to this Protective Order as Exhibit A.

(d) The parties, including current and former directors, officers and employees of the parties in connection with Permissible Uses;

(e) Insurers and auditors of a party to the extent necessary in the ordinary course of the insurer's and/or auditor's business;

(f) Consultants and experts and employees of such consultants or experts, assisting counsel in this Action who have executed the Acknowledgment and Agreement to be bound in the form attached hereto as Exhibit A;

(g) Witnesses or deponents (and their counsel) during the course of, and to the extent necessary in preparation for, testimony or for purposes of obtaining an affidavit or certification in this Action;

(h) Employees of copying, imaging, and computer services vendors retained by the parties for the purpose of copying, imaging, processing or organizing documents;

(i) The author, addressees, and recipients of the Designated Materials and any other party expressly referred to in the Designated Materials;

(j) Any other person upon the prior written agreement of the party or non-party who designated the Litigation Materials as "Confidential" (which agreement may be recorded in a deposition or other transcript) or upon order of the Court.

9. If any party wishes to disclose Designated Materials produced by any other party or non-party to any expert or consultant, the expert or consultant must sign the Acknowledgement and Agreement to be bound attached hereto as Exhibit A. Nothing in this Protective Order shall require that non-testifying experts or consultants be deposed or otherwise be the subject of discovery.

10. A file shall be maintained by the law firm of record for each party of all written Acknowledgments and Agreements to be bound signed by persons who have received

4

Designated Materials from that party or persons affiliated with that party.

### Filing of Designated Materials

11. Local Rule 141 governs the sealing of documents in the Eastern District of California, and Local Rule 141.1 governs this Protective Order.

12. Any Litigation Material designated as "Confidential" that is to be used or filed with the Court in this Action, and any pleading or other paper containing Designated Materials, shall be lodged with the Court consistent with Local Rule 141.

### Resolution of Disputes Over Confidentiality Designations

13. The party or non-party designating any Litigation Materials as "Confidential" shall, in the first instance, determine in good faith whether those materials constitute "Confidential" information covered by this Protective Order. The receiving party may object in good faith to such designation at any time. A failure of any party to expressly challenge a designation shall not constitute a waiver of the right to assert at a subsequent time that a designation is not in fact "Confidential" or not an appropriate designation for any reason. In the event that any party or non-party disagrees with another party or non-party's designation, said objection shall be made in writing and sent to the designating party or non-party. The parties will have ten (10) days to negotiate an informal resolution of the dispute. If attempts at an informal resolution of any such dispute prove unsuccessful, the designating party or non-party shall then file with the Court within ten (10) days thereafter, a noticed motion for protection. Failure to do so shall result in the withdrawal of the designation. The party or non-party who asserts the confidentiality of any such Designated Materials shall bear the burden of proving that the Designated Materials are entitled to the protection accorded by this Protective Order. Any Litigation Materials, the designation of which is subject to such dispute, shall be treated as originally designated, pending resolution and a determination by the Court or agreement to the contrary. Frivolous challenges to the designation of Litigation Materials as "Confidential," and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the party challenging the confidentiality designation to sanctions.

**Hearings and Trial Requires Further Order of Confidentiality**

14. This Protective Order shall not apply to the introduction of evidence at any evidentiary hearing or trial, which procedure shall be subject to further order of the Court.

**Inadvertent Disclosure and Production**

15. In the event that Designated Materials are disclosed to anyone who is not an Authorized Recipient under this Protective Order, the attorney of record for the party involved shall, immediately upon learning of the disclosure, give notice to the attorney of record for the party or non-party who designated the Designated Materials as "Confidential" and shall describe (i) the circumstances surrounding the unauthorized disclosure, and (ii) the steps taken to remedy the disclosure and minimize the potential harm from the disclosure.  The attorney shall also use good faith and reasonable efforts to retrieve any improperly disclosed materials and to have such unauthorized person sign an Acknowledgment and Agreement to be bound in the form attached hereto as Exhibit A.

16. In the event that any party or non-party inadvertently produces Litigation Materials that it determines to be "Confidential" without designating them as such, that party or non-party may provide written notice demanding that the inadvertently produced Litigation Materials and all copies thereof either be returned within three (3) days or immediately stamped with the appropriate designation.  The receiving party shall comply with the demand, but may then challenge the claim of confidentiality as provided elsewhere in this Protective Order.

17. Inadvertent production of any document in this action by any party or non-party that the producing party later claims should have been withheld on grounds of a privilege, including the work product doctrine (an "Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege or work product protection.  A party or non-party may request the return of any Inadvertently Produced Privileged Document by identifying the document and stating the basis for withholding such document from production and providing any other information that would be listed on a supplemental privilege log disclosing the document.  If a party or non-party request the return of such an Inadvertently Produced Privileged Document then in the custody of one or more parties, the receiving parties shall within

three (3) business days return to the requesting party the Inadvertently Produced Privileged Document and all copies thereof and shall expunge from any other document or material information derived from the Inadvertently Produced Privileged Document. After a document is returned pursuant to this paragraph, a party may move the Court for an order compelling production of the document.

**Subpoenas or Demands in Other Actions**

18.     If any party is (1) subpoenaed in another action, (2) served with a demand in another action to which it is a party, or (3) served with any other civil investigative demand or legal process by one not a party to this Action, seeking the production of Designated Materials marked or treated as "Confidential" by someone other than that party (a "Discovery Request"), the party shall give prompt written notice, within ten (10) days of receipt of such Discovery Request, to those who produced or designated the Litigation Materials, and shall not disclose any Designated Materials in response thereto without first providing the designating party a reasonable opportunity to seek appropriate protective treatment or other relief. It shall be the obligation of the designating party to obtain an order from an appropriate Court to preclude or restrict production of any Designated Materials. Nothing herein shall be construed as requiring the party or anyone else covered by this Protective Order to challenge or appeal any order requiring the production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process, or order, or to seek any relief from this Court. The party receiving the Discovery Request shall continue to abide by the terms of this Protective Order and maintain the confidentiality of any Designated Material sought by the Discovery Request unless and until either (a) the Designating Party consents to the production of the Designated Material pursuant to the Discovery Request, (b) the party receiving the Discovery Request is directed to produce the Designated Material by a Court having competent jurisdiction over the dispute and the parties thereto, or (c) the designating party has failed to obtain an order from the appropriate Court to preclude or restrict production of any requested Designated Material pursuant to the Discovery Request by the date for compliance stated in the Discovery Request.

**Termination of Proceedings**

19.     Within sixty (60) days following termination of the litigation (including the final resolution of any appeals), counsel for the parties shall certify that the original and all copies of Designated Materials in its possession have either been returned to the party or non-party who produced such documents, or have been destroyed.  Notwithstanding the foregoing, each party may retain a copy of all Court filings, discovery requests, expert reports, hearing and trial transcripts, attorney work product, exhibits, and copies of Designated Material subpoenaed or produced in accordance with this Protective Order, provided that counsel continues to treat all Designated Materials in the manner provided in this Protective Order.

20.     The parties and non-parties shall remain bound by this Protective Order and the Court shall retain jurisdiction to enforce this Protective Order even after the termination of this Action.

21.     Nothing herein shall preclude any party or non-party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  November 14, 2014

By:  /s/ Jason S. Takenouchi

KASOWITZ BENSON TORRES & FRIEDMAN LLP
   Mark P. Ressler
   R. Tali Epstein
   Jason S. Takenouchi

*Attorneys for Plaintiff-Counterdefendant Copart, Inc.*

Dated:  November 14, 2014

By:  /s/ Paul T. Llewellyn

LEWIS & LLEWELLYN LLP
   Paul T. Llewellyn
   Marc R. Lewis
   Ryan B. Erickson

|   |   |
|---|---|
| 1 | Matthew Dickman |
| 2 | GIBSON, DUNN & CRUTCHER LLP |
|   | Frederick Brown |
| 3 |   |
|   | *Attorneys for Defendant-Counterplaintiff Sparta Consulting, Inc.* |
| 4 |   |
| 5 | **IT IS SO ORDERED.** |
| 6 | Dated: November 18, 2014 |
| 7 | _____ |
|   | CAROLYN K. DELANEY |
| 8 | UNITED STATES MAGISTRATE JUDGE |

9

**EXHIBIT A**

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____[date] in the case of *Copart Inc. v. Sparta Consulting Inc.*, 14-cv-00046 KJM-CKD.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____