1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9               FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11   COPART, INC.,                            No.  2:14-cv-00046-KJM-CKD
12                  Plaintiff,
13         v.                                 ORDER
14   SPARTA CONSULTING, INC.,
15                  Defendant.
16
17
18            This matter is before the court on plaintiff-counterdefendant Copart, Inc.'s
19   (Copart's) Motion for Leave to Amend the Second Amended Complaint (SAC) as well as
20   Sparta's Request to Seal documents and references to documents filed in support of the Motion.
21   ECF Nos. 82, 83.[1]  Defendant-counterplaintiff Sparta Consulting, Inc. (Sparta) opposes the
22   motion, ECF No. 91, and Copart has replied, ECF No. 101.  As explained below, the court
23   DENIES Sparta's Request to Seal and GRANTS Copart's Motion for Leave to Amend.
24   I.    BACKGROUND
25            Copart filed an action against Sparta in Texas state court on November 1, 2013.
26   See Case No. 2:14-cv-01884-KJM-CKD, ECF No. 1.  Sparta removed the case to the United

27   _____
28         [1] ECF docket citations are to this case unless otherwise specified.

                                      1

1   States District Court for the Northern District of Texas, and then filed this separate action in this

2   court on January 8, 2014, alleging breach of contract and related claims against Sparta regarding

3   the design and implementation of an enterprise resource planning software known as SAP (the

4   Project).  ECF No. 1.  This court consolidated the cases on September 22, 2014.  ECF No. 30, and

5   Copart filed the Second Amended Complaint against Sparta on October 30, 2014, ECF No. 38.

6   The court resolved two motions by Copart to dismiss Sparta's counterclaims, and one motion by

7   Sparta to dismiss Copart's complaint.  ECF Nos. 45, 47, 58.

8           The court issued the Pretrial Scheduling Order (Scheduling Order) on October 15,

9   2014, ordering all discovery to be completed by November 6, 2015.  ECF No. 33.  The parties

10  began discovery in June 2015, after the court resolved the parties' motions to dismiss.  ECF No.

11  55; Mot. at 4.  The parties stipulated on September 2, 2015, to extend the case deadlines, and the

12  court granted the stipulation.  ECF No. 64.  The parties stipulated a second time, on December 31,

13  2015, to specifically extend discovery deadlines, and the court granted that stipulation as well.

14  ECF No. 69.  On April 29, 2016, a third stipulation was granted.  ECF No. 114.  As a result, fact

15  discovery cut-off was extended to May 16, 2016 for depositions only; the expert disclosure

16  deadline was extended to May 31, 2016; the rebuttal expert disclosure deadline was extended to

17  June 21, 2016; and the expert discovery cut-off was extended to July 15, 2016.  *Id.*

18          In the meantime, in October 2015, Copart had discovered the existence of a

19  database (the Database) maintained by Sparta.  Llewellyn Decl. ¶ 11, ECF No. 91-1.  Sparta

20  produced the Database, which contained approximately 60,000 documents, on November 9, 2015.

21  *Id.*  ¶ 12.  On November 20, 2015, Copart served four requests for production on Sparta,

22  specifically seeking information related to AutoEdge, an alleged project accelerator Sparta uses to

23  market its services to potential customers.  *Id.*, Ex. C; Opp'n at 4.  In December 2015, Copart

24  requested further production of documents related to AutoEdge.  Takenouchi Decl. ¶ 15.  Sparta

25  agreed to produce the documents by March 1, 2016, after Copart filed a motion to compel;

26  subsequently, after Sparta's agreement, Copart withdrew the discovery motion.  *Id.*  ¶ 16; ECF

27  Nos. 67, 71.  Sparta did not produce the documents by March 1, 2016, however.  Takenouchi

28

2

1   Decl. ¶ 16.  Shortly after March 10, 2016, Sparta produced 20,113 new documents, but the

2   production did not include all of the documents Copart had requested.  *Id.* ¶¶ 17, 18.

3          Copart informed Sparta of its intent to file the pending Motion for Leave to

4   Amend the SAC.  *See* Sealing Req., ECF No. 82.  On March 22, 2016, Sparta requested the court

5   seal documents and references to certain portions of documents it understood Copart intended to

6   file in support of the Motion.  *Id.*  Copart moved to amend on March 22, 2016, filing the motion

7   with the documents Sparta requested to seal.  ECF No. 83.  On May 12, 2016, Sparta filed a

8   supplemental request to seal the documents Copart submitted in support of the Reply.  *See* Supp.

9   Sealing Req., ECF No. 115.

10  II.      SEALING REQUEST

11         Parties seeking to seal material attached to a non-dispositive motion such as

12  Copart's must demonstrate a particularized "good cause" exists to protect this information from

13  being disclosed to the public.  *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179

14  (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

15  While the contents of certain materials that disclose business strategy with respect to particular

16  products, pricing, or customers may support "good cause" to seal, this is not the case here.  Sparta

17  has not explained how it would be harmed other than to provide a boilerplate explanation for each

18  exhibit, stating, "This document was properly designated 'confidential' under the Stipulation and

19  Protective Order, ECF No. 43, that has been entered . . . .  The public release of the information in

20  this document risks causing Sparta annoyance, embarrassment, oppression, undue burden, and

21  competitive harm."  *See Finisar Corp. v. Nistica, Inc.*, No. 13-03345, 2015 WL 3988132, at *5

22  (N.D. Cal. June 30, 2015) (Party seeking to seal did not show "good cause" where it did not

23  explain how it would be harmed).

24         Moreover, the blanket discovery protective order Sparta relies on, ECF No. 43,

25  was obtained without making a particularized showing of "good cause" with respect to any

26  individual document.  "[A] party seeking the protection of the court via a blanket protective order

27  typically does not make the "good cause" showing required by Rule 26(c) with respect to any

28  particular document."  *Foltz*, 331 F.3d at 1135.

3

1    Sparta's Request to Seal, ECF No. 82, and Supplemental Request to Seal, ECF No.

2    115, are  DENIED.

3    III.    LEGAL STANDARD: MOTION TO AMEND

4        A.    Rule 16(b)

5            Once the district court has filed a pretrial scheduling order based on Rule 16,

6    establishing a timetable for amending pleadings, a motion seeking to amend is governed first by

7    Rule 16(b).  Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08

8    (9th Cir. 1992) (citations omitted).  Rule 16(b)(4) provides that "[a] schedule may be modified

9    only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). The liberal

10   amendment standard set out in Rule 15(a) is inapplicable until the movant first demonstrates that

11   "good cause" under Rule 16(b) justifies the amendment.  *Jackson v. Laureate, Inc.*, 186 F.R.D.

12   605, 606–07 (E.D. Cal. 1999).

13           Rule 16's "good cause" standard focuses on the diligence of the party seeking

14   amendment.  *Johnson*, 975 F.2d at 609.  The Ninth Circuit has held that,

15           The district court may modify the pretrial schedule "if it cannot
16   reasonably be met despite the diligence of the party seeking the
     extension."   Moreover, carelessness is not compatible with a
     finding of diligence and offers no reason for a grant of relief.
17   Although the existence or degree of prejudice to the party opposing
     the modification might supply additional reasons to deny a motion,
18   the focus of the inquiry is upon the moving party's reasons for
     seeking modification.   If that party was not diligent, then the
19   inquiry should end.

20   *Id.* (citations omitted).  Central to the diligence analysis is whether the movant discharged her

21   obligation under Rule 16 to comply with the district court's directives regarding management of

22   the case.  *Jackson*, 186 F.R.D. at 607 (citations omitted).  In other words, the movant must have

23   diligently attempted to adhere to the pretrial schedule throughout the course of the litigation.  *See*

24   *id.*

25           To demonstrate diligence under Rule 16's "good cause" standard, the movant may

26   be required to show the following: (1) that she was diligent in assisting the court in creating a

27   workable Rule 16 order; (2) that her noncompliance with a Rule 16 deadline occurred or will

28   occur, notwithstanding her diligent efforts to comply, because of the development of matters

4

1  which could not have been reasonably foreseen or anticipated at the time of the Rule 16

2  scheduling conference; and (3) that she was diligent in seeking amendment of the Rule 16 order,

3  once it became apparent that she could not comply with the order.  *Id.* at 608 (citations omitted).

4        B.    Rule 15(a)

5        Rule 15, on the other hand, provides that leave to amend "shall be freely given

6  when justice so requires."  Fed. R. Civ. P. 15(a).  The Ninth Circuit has held that "'[t]his policy is

7  to be applied with extreme liberality.'"  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048,

8  1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th

9  Cir. 2001)).  Leave to amend is subject to limitations, which include, bad faith, undue delay,

10  prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously

11  amended the complaint.  *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047,

12  1058 (9th Cir. 2011).  The Ninth Circuit has held that "it is the consideration of prejudice to the

13  opposing party that carries the greatest weight."  *Eminence Capital*, 316 F.3d at 1052.  Further,

14  the Ninth Circuit "differentiate[s] between pleadings attempting to amend claims from those

15  seeking to amend parties.  Amendments seeking to add claims are to be granted more freely than

16  amendments adding parties."  *Union Pac. R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th

17  Cir. 1991) (emphasis in original).

18        The party opposing amendment bears the burden of showing bad faith, unfair

19  delay, prejudice, or futility of amendment.  *United Steel, Paper & Forestry, Rubber, Mfg.,*

20  *Energy, Allied Indus. & Serv. Workers Int'l Union, AFL–CIO, CLC v. ConocoPhillips Co.*, No.

21  08-2068, 2009 WL 650730, at *2 (C.D. Cal. Mar. 12, 2009) (citing *Eminence Capital*, 316 F.3d

22  at 1052; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987)).

23  IV.   DISCUSSION

24        A.    Rule 16(b): "Good Cause"

25        Copart seeks to amend the complaint to add as defendants Sparta's parent

26  companies, KPIT Technologies Ltd. and KPIT Infosystems, Inc. (collectively, "KPIT entities"),

27  and has provided a proposed form of third amended complaint.  *See generally* Proposed Third

28  Am. Compl. (TAC), Takenouchi Decl., Ex. A.  It also seeks to add additional claims concerning

1  the alleged theft by Sparta and KPIT of Copart's intellectual property and trade secrets, the KPIT

2  entities' role in the Project at issue, their diversion of resources from the Project, and their failure

3  to meet industry professionalism and competency standards. TAC ¶¶ 44–46, 93–106, 191–197.

4  The court's Scheduling Order issued on October 15, 2014, provides:

> Plaintiff Copart may file a complaint or amended complaint by October 30, 2014 . . . No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown.  *See* Fed. R. Civ. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

8  Scheduling Order at 3.  Whether Copart should be granted leave to amend its complaint depends

9  first on whether it can satisfy its burden of showing that "good cause" justifies amendment of the

10  Rule 16 scheduling order.  *See Johnson*, 975 F.2d at 608–09.  In order to determine whether

11  Copart has met the "good cause" standard, the court considers its diligence, and specifically:

12  (1) diligence in creating a workable Rule 16 order, (2) the development of matters was not

13  reasonably foreseeable, and (3) it was diligent in seeking amendment once its noncompliance

14  became apparent.  *Jackson*, 186 F.R.D. at 608.

15        The parties do not dispute that Copart satisfies the first two prongs.  Instead, both

16  sides focus on the third prong and when the facts on which the new claims and parties rest

17  became apparent.  Copart argues good cause exists for the court to grant leave to amend under

18  Rule 16 because it moved promptly to amend when it obtained sufficient information to support

19  the addition of the new parties and claims.  Mot. at 9.  Copart contends it did not discover the

20  alleged theft of its trade secrets and the related claims until after the deadline for amendment of

21  pleadings in the Scheduling Order had passed.  *Id.*  Specifically, Copart's new claims are based

22  on documents obtained during the discovery process, including the documents Sparta produced in

23  November 2015 from the Database.  *Id.*  Sparta responds that Copart has not shown good cause

24  for not moving for amendment of its complaint when it received the documents in November

25  2015 as opposed to months later.  Opp'n at 9.

26        Allowing parties to amend based on information obtained through discovery is

27  common and well established.  *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*,

28  No. 05-0583, 2006 WL 3733815, at *3–5 (E.D. Cal. Dec. 15, 2006) (collecting cases in which

1  court granted leave to amend based on "new information revealed through discovery"); *see also*

2  *M.H. v. Cty. of Alameda*, No. 11-2868, 2012 WL 5835732, at *3–4 (N.D. Cal. Nov. 16, 2012)

3  (court specifically recognized that plaintiff has good cause to amend complaint to add defendants

4  if identities of defendants unknown prior to discovery).  Though Sparta produced the key

5  documents in November 2015, it produced a total of 60,000 documents.  In the approximately

6  120 days between the production of the documents and the filing of the pending motion, Copart

7  would have had to review roughly 500 documents per day to read through all 60,000 documents.

8  While Copart may not have needed to review all 60,000 documents before it realized an

9  amendment was necessary, a large number of documents nevertheless still needed to be reviewed

10  in order for Copart to gather sufficient facts to support its new allegations.

11         Accordingly, the court finds plaintiff has shown "good cause" to amend the

12  complaint.

13       B.    <u>Rule 15(a)</u>

14         Finding Copart has established "good cause" under Rule 16(b), the court next

15  considers the permissibility of amendment under Rule 15.  *Johnson*, 975 F.2d at 608.  As noted,

16  in the Ninth Circuit, Rule 15 is applied with "extreme liberality."  *Owens v. Kaiser Found. Health*

17  *Plan, Inc.*, 244 F.3d at 712.  When considering whether to grant leave to amend under Rule 15, a

18  district court considers the presence of any of the following four factors, (1) bad faith, (2) undue

19  delay, (3) prejudice to the opposing party, and (4) futility.  *Cafasso*, 637 F.3d at 1058; *Griggs v.*

20  *Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (noting "this determination should be

21  performed with all inferences in favor of granting the motion").  In the absence of prejudice or

22  other negative factors, the party opposing the motion to amend has the burden of showing why

23  amendment should not be granted.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th

24  Cir. 1987).

25       1.    <u>Bad Faith and Undue Delay</u>

26         "A motion to amend a complaint may be denied if there is undue delay."  *Burns v.*

27  *Cty. of King*, 883 F.2d 819, 823 (9th Cir. 1989).  The Ninth Circuit has stated that, "in evaluating

28  undue delay, we also inquire whether the moving party knew or should have known the facts and

1    theories raised by the amendment in the original pleading . . . ."  *AmerisourceBergen Corp. v.*

2    *Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal quotation marks and citations

3    omitted).  The Ninth Circuit has also clarified that undue delay is a persuasive factor, but

4    typically not sufficient to support denial of leave to amend without the presence of other factors.

5    *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (denying

6    leave to amend where there was a delay of "nearly two years" but noting this fact was "not alone

7    enough to support denial"); *but see Burns*, 883 F.2d at 823 (denying leave to amend when

8    plaintiff "knew of the roles played by the two" parties he sought to "add" for two years and

9    "offered no excuse for failing to include these parties in the original complaint or in his

10   subsequent amendments").

11             Sparta argues, as it did with respect to Rule 16(b), that Copart was not diligent in

12   seeking leave to amend.  Opp'n at 19.  Sparta contends Copart was aware of the basis of its new

13   claims in November 2015, but waited over four months to bring this motion before the court.  *Id.*

14   However, as noted above, Copart reviewed some 600,000 documents over the span of 120 days.

15   *See B & H Mfg. Co. v. Sidel, Inc.*, No. 07-02208 , 2009 WL 617813, at *2 (E.D. Cal. Mar. 10,

16   2009) (England, J.) (finding no undue delay where plaintiff reviewed 113,208 pages of

17   documents over roughly six months before seeking leave to amend).  Furthermore, "delay alone is

18   not sufficient to justify the denial of a motion requesting leave to amend,"  *CD Programs*,

19   833 F.2d at 187, "particularly 'where there is a lack of prejudice to the opposing party and the

20   amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith."

21   *Serpa v. SBC Telecomms., Inc.*, 318 F. Supp. 2d 865, 872 (N.D. Cal. 2004) (quoting *Hurn v. Ret.*

22   *Fund Trust of Plumbing, Heating & Piping Indus. of S. Cal.*, 648 F.2d 1252, 1254 (9th Cir.

23   1981)).  Copart has provided a satisfactory explanation for moving to amend at this time, namely

24   that it waited until it had sufficient evidence to support amendment.  Because there is no evidence

25   in the record to indicate a wrongful motive, there is no cause to deny leave to amend on the basis

26   of bad faith or undue delay.

27

28

2.      Undue Prejudice

Prejudice is the factor that weighs most heavily in the Rule 15 analysis. *Eminence Capital*, 316 F.3d at 1052.  Sparta argues Copart filed its motion at the eleventh hour with deadlines looming: all fact discovery was to be completed by May 2, 2016 and expert discovery by June 15, 2016 prior to the order granting the third stipulation for extension of discovery deadlines.  Opp'n at 15; ECF No. 114.  Sparta contends that with the addition of six new claims for relief and two new defendants, an additional year will be added to the litigation of this case. *Id.*  First, it argues, one of the defendants to be added is based in India, which will make service difficult. *Id.* at 15–16.  Even if service is achieved, the new defendants likely will challenge jurisdiction before asserting other challenges to the pleadings. *Id.* at 16.  Second, the new allegations are based on different legal theories and makes for a completely different case. *Id.* at 17.  Third, while prolonged litigation will prejudice Sparta, a shorter timeline benefitting Sparta will in turn harm new defendants. *Id.* at 18.

a)      Service and New Motions

Sparta argues allowing Copart to bring in two new defendants will cause prejudice, because discovery and motions practice will begin anew.  The court agrees that some prejudice will occur.  The addition of two new defendants, one of whom is based in India, likely will extend the litigation process prejudicially as to Sparta, especially where, as here, the parties have already engaged in a substantial amount of discovery. *See Silva v. Gregoire*, No. 05-5731, 2006 WL 3289627, at *2 (W.D. Wa. Nov. 13, 2006).  The discovery deadline, which has been extended thrice, has passed, and soon the dispositive motion deadline on July 15, 2016 will as well.  The court finds bringing in new parties at this stage will prejudice Sparta, but that prejudice can be offset by further modifications to the case schedule.

b)      New Case

Sparta also argues allowing Copart to amend the complaint will result in an entirely new case, which will require discovery into new and unrelated matters.  Courts have found amendment renders an entirely new case where amendment requires relitigation of issues already extensively litigated in a prior state court action, *see Jackson v. Bank of Hawaii*, 902 F.2d

9

1385, 1388 (9th Cir. 1990); where the movant changed its litigation theory without explanation, *see AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Khan v. Recon Trust Co.*, No. 12-01107, 2014 WL 5585345, at *4 (N.D. Cal. Nov. 3, 2014), *Guevara v. Marriott Hotel Servs. Inc.*, No. 10-5347, 2013 WL 6172983, at *6 (N.D. Cal. Nov. 25, 2013); or where the movant had not previously read the statutory language relevant to a case, *see Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989).  This case does not fall into any of these categories, however.

Furthermore, the court can offset this consideration by extending the deadline for Sparta to conduct the necessary discovery on the new claims.  Extending deadlines for discovery, in light of information a party learns through discovery, is not the type of prejudice that precludes amendment.  *See Fru-Con Constr. Corp.*, 2006 WL 3733815, at *5; *Lopez v. Comcast Cable Commc'n Mgmt. LLC*, 2016 U.S. Dist. LEXIS 5517 (N.D. Cal. Jan. 15, 2016) (court granted leave to amend where continuance of discovery deadlines would eliminate possible prejudice to defendant).

c)      <u>Prejudice to New Defendants</u>

"Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party."  *DCD Programs*, 833 F.2d at 187 (finding no prejudice where pretrial conference had not been scheduled and no trial date was pending).  As noted, the parties have engaged in extensive discovery with a Scheduling Order already issued and amended multiple times, and the dispositive motion deadline looming.  The court finds the addition of new parties at this stage would create some prejudice for the new defendants if it were not for the ability to modify the schedule in the interest of fairness.

3.      <u>Futility of Amendment</u>

"The party opposing amendment [also] bears the burden of showing . . . futility of amendment."  *Eminence Capital*, 316 F.3d at 1052.  Sparta provides no argument with respect to whether an amendment would be futile.  The court finds Sparta has not carried its burden on this element.

10

1          4.      Summary

2                  The court finds Copart is not moving for leave to amend in bad faith or with undue

3      delay.  Sparta has not carried its burden to show amendment would be futile.  Though Sparta and

4      the potential new defendants may experience some prejudice, the new claims implicate both

5      Sparta and the new defendants, allegedly Sparta's parent companies.  Mot. at 6.  Any prejudice

6      Sparta may suffer as a result of the amendment  is outweighed by the prejudice Copart may suffer

7      if its motion for leave to amend is denied.  *See James ex rel. James Ambrose Johnson, Jr., 1999*

8      *Trust v. UMG Recordings, Inc.*, No. 11-1613 SI, 2012 WL 4859069, at *2 (N.D. Cal. Oct. 11,

9      2012) ("If a court is to deny leave to amend on grounds of undue prejudice, the prejudice must be

10     substantial.").  And as noted, any prejudice can be offset by modifying the schedule of the case.

11     V.     CONCLUSION

12                 The court DENIES Sparta's Request to Seal WITHOUT PREJUDICE.  The court

13     GRANTS Copart's Motion for Leave to Amend and VACATES all currently set dates.  The

14     Third Amended Complaint is to be filed on the docket in the form proposed within seven (7) days

15     of this order.  If the case does not settle at the settlement conference being convened by the

16     magistrate judge, which this court approves, the parties shall submit a joint status report

17     proposing a prospective schedule for the case within twenty-one (21) days of the conclusion of

18     the settlement conference.  This order resolves ECF Nos. 82, 83.

19                 IT IS SO ORDERED.

20      DATED:  June 1, 2016.

21

22                                                          _____
                                                            UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28