UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPART, INC., | No. 2:14-cv-00046-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| SPARTA CONSULTING, INC., et al., | |
| Defendants. | |

    Defendant Sparta Consulting, Inc. (Sparta) requests the court seal documents that plaintiff Copart, Inc. (Copart) has submitted in support of its motion for leave to file an amended complaint. ECF No. 115. Furthermore, both Copart and Sparta request the court seal exhibits related to expert disclosures. ECF Nos. 122, 120.

    "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns*, 435 U.S. 589, 597 (1978). While "the right to inspect and copy judicial records is not absolute," access in civil cases is properly denied for clearly justifiable reasons: to protect against "gratif[ication of] private spite or promot[ion of] public scandal," or to preclude court dockets from becoming "reservoirs of libelous statements," or "sources of business information that might harm a litigant's competitive standing." *Id.* at 598 (citations omitted). As the Ninth Circuit

1

instructs, a "strong presumption in favor of access" to the record governs in a court of law unless the case or a part of it qualifies for one of the relatively few exceptions "traditionally kept secret," with secrecy allowed for only good reasons. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support secrecy." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz*, 331 F.3d at 1136). The compelling-reasons standard applies even if contents of the dispositive motion or its attachments have previously been filed under seal or are covered by a generalized protective order, including a discovery phase protective order. *See Foltz*, 331 F.3d at 1136. On the other hand, a "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana*, 447 F.3d at 1172.

        The Eastern District of California has adopted rules to clarify procedures for parties' compliance with the law reviewed above. Local Rule 141 provides that documents may be sealed only by a written order of the court after a particularized request to seal has been made. E.D. Cal. L.R. 141(a). A mere request to seal is not enough under the local rules. Local Rule 141(b) expressly requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." The court's own Standing Order, available on its web page, and its Pretrial Scheduling Order issued in this case, ECF No. 3-1, emphasize the requirement that parties comply with the law and the rules in making any sealing request, which they should do lightly and only rarely if at all. While the court should not have to remind parties of its orders setting out essential ground rules of a case, or set forth its local rules in such detail, or review the controlling authority from which the rules derive, it does so here in light of the completely unjustified requests to seal presented by Sparta and Copart.

        Here, Sparta argues its request to seal documents Copart has submitted in support of its motion for leave to file an amended complaint should be granted simply because a protective order has been entered in this case. ECF No. 115. But the protective order, standing

1 alone, does not provide the "good cause" needed to seal documents submitted with non-
2 dispositive motions.  *See* Standing Order at 6, ECF No. 7.
3      Moreover, the parties' other requests, ECF Nos. 120 and 122, are made in
4 connection with expert reports, documents that must be disclosed to the other party but need not
5 be filed with the court.  *See* Fed. R. Civ. P. 26(a)(2).
6      In short, the requests to seal are DENIED.  If Copart or Sparta again file such
7 unsupported requests to seal, the court cautions each party will be required to show cause why it
8 should not be subject to monetary sanctions.
9      This resolves ECF Nos. 115, 120, and 122.
10      IT IS SO ORDERED.
11  DATED: June 28, 2016

                                     UNITED STATES DISTRICT JUDGE