UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPART, INC., | No.  2:14-cv-0046 KJM CKD |
| Plaintiff, | |
| v. | ORDER |
| SPARTA CONSULTING, INC., et al., | |
| Defendants. | |

An informal discovery conference was held on October 20, 2016.  Jason Takenouchi, George Chikovani and Margaret Ziemianek appeared telephonically for plaintiff.  Paul Llewellyn, Ryan Erickson, Ian Long and Joseph Rose appeared telephonically for defendants.  Upon review of the joint letter briefs and upon hearing the arguments of counsel, including additional issues raised by plaintiff's counsel, and good cause appearing therefor, THE COURT ORDERS AS FOLLOWS:

1. Plaintiff has made no timely effort to comply with the Hague Convention.  Since the filing of the third amended complaint in June, 2016, plaintiff has known that depositions of foreign nationals would be required in this litigation.  In objecting to the amended pretrial scheduling order (ECF No. 140), plaintiff referenced voluminous document production as a reason why the amended scheduling order was untenable but made no mention of the need for complying with the Hague Convention as a reason for extending discovery.  ECF No. 143.  Now,

1

on the eve of the discovery cut-off, plaintiff asks this court to order a defendant foreign corporation to produce a deponent, for whom a visa is required, on a week's notice. Although in certain circumstances it is appropriate to compel a foreign national to appear for deposition, the procedural posture of this case does not warrant such relief. The motion to compel defendant KPIT, an Indian corporation, to produce in California a deponent for a Rule 30(b)(6) deposition is denied.

    2. Defendant moves for sanctions regarding plaintiff's refusal to produce certain source code. The documents at issue appear to be encompassed within requests for production nos. 3-5, 7, 9, 13 and 15, which were the subject of a prior informal discovery conference. ECF No. 156, at p. 5. While the court recognizes the sensitive nature of the documents for which plaintiff seeks to provide only inspection and copying, the court is satisfied that plaintiff's interests will be properly safeguarded by the protective order previously issued in this matter. Plaintiff is therefore directed to forthwith provide to defendants the source code described at the informal discovery conference. In light of the particularly sensitive nature of the documents, and plaintiff's apparent good faith belief that the proposal to allow inspection and copying complied with the court's order, the court finds sanctions are not warranted. Defendant's motion for sanctions is denied.

    3. The first additional issue raised by plaintiff pertains to a second amended notice of a Rule 30(b)(6) deposition which is set for October 21, 2016 at 1:00 p.m. The court finds that the second amended notice has not afforded plaintiff sufficient time to prepare the witness. The deposition will proceed forward on the 14 topics noticed in the first amended notice of deposition. The court reminds the parties that the court is available for conference calls to resolve any discovery disputes should they arise in the deposition.

    4. The second additional issue pertains to a possible back-up that plaintiff contends was first revealed to plaintiff in a recent deposition. The court finds that the parties have not properly

/////

/////

/////

2

met and conferred on this issue.  The motion to compel production of the back-up is denied without prejudice.

Dated:  October 20, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 copart0046.infdisc.4.oah.