1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   COPART, INC.,                          No.  2:14-cv-00046-KJM-CKD

12                   Plaintiff,

13         v.                               ORDER

14   SPARTA CONSULTING, INC., KPIT
     INFOSYSTEMS, INC., and KPIT
15   TECHNOLOGIES, LTD.,

16                   Defendants.

17

18

19         Two ex parte applications have been filed with the court.

20         The first is the ex parte application of defendants Sparta Consulting, Inc., KPIT

21   Infosystems, Inc., and KPIT Technologies, Ltd. (collectively, "defendants") to exclude three

22   expert witnesses offered by plaintiff Copart, Inc., for violation of the court's amended scheduling

23   order and the Federal Rules of Civil Procedure.  Ex Parte Application, ECF No. 171.  Plaintiff

24   opposes the ex parte application.  Opp'n, ECF No. 173.  Defendants have replied.  Reply, ECF

25   No. 174.  For the reasons explained below, the court resolves the matter without hearing and

26   DENIES the application.

27         The second is plaintiff's ex parte application to strike portions of defendants'

28   rebuttal expert reports.   Pl.'s Ex Parte Application, ECF No. 178.  Defendants oppose the ex

1

1   parte application.  Defs.' Opp'n, ECF No 179.  For the reasons explained below, the court

2   DENIES this application as well.

3   I.        DEFENDANTS' EX PARTE APPLICATION

4          A.        Background

5                 The court briefly addresses the relevant portions of its prior order before turning to

6   defendants' arguments.  *See* Am. Scheduling Order, ECF No. 140.

7                 On August 17, 2016, in light of plaintiff's third amended complaint that named

8   two new defendants and included seven new claims, the court issued the operative amended

9   scheduling order.  *See* Am. Scheduling Order 1–2.  The amended scheduling order included

10  updated deadlines for each phase of the case: discovery was to be completed by October 28,

11  2016; expert discovery completed by January 13, 2017; dispositive motions heard by February

12  10, 2017; and trial set for August 14, 2017.  *Id.* at 3–10.  Most relevant here, in a section entitled

13  "Disclosure of Expert Witnesses," the order provided deadlines for initial expert disclosures on

14  November 25, 2016, and supplemental expert disclosures on December 16, 2016.  *Id.* at 3–4.  The

15  parties do not dispute these dates, but disagree as to whether each party must disclose expert

16  reports for all experts.  *See* Ex Parte Application 2–4; Opp'n 4–5.

17                In the court's amended scheduling order, the court provided, "[a]ll counsel are to

18  designate in writing, file with the court, and serve upon all other parties the name, address, and

19  area of expertise of each expert that they propose to tender at trial not later than November 25,

20  2016.  The designation shall be accompanied by a written report prepared and signed by the

21  witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B)."  Am. Scheduling Order 3–4.

22  The court's order explains that a party's failure to properly disclose "in all likelihood will

23  preclude that party from calling the expert witness at the time of trial."  *Id.* at 4.  The court's order

24  goes on to define "expert":

25                        For purposes of this scheduling order, an "expert" is any person
                          who may be used at trial to present evidence under Rules 702, 703
26                        and 705 of the Federal Rules of Evidence, which include both
                          "percipient experts" (persons who, because of their expertise, have
27                        rendered expert opinions in the normal course of their work duties
                          or observations pertinent to the issues in the case) and "retained
28                        experts" (persons  specifically  designated  by  a  party  to  be  a

testifying expert for the purposes of litigation). A party shall identify whether a disclosed expert is percipient, retained, or both. It will be assumed that a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

*Id.*

B.   <u>Plaintiff's Expert Disclosures</u>

Plaintiff timely filed expert disclosures on November 23, 2016, two days before the court's deadline. Pl.'s Designation/Disclosure, ECF No. 169. The filing listed five expert witnesses: Mohan Rao, LaBaron Hartfield, Phatela Mosothoane, Justin Chapman, and Rama Prasad. *Id.* at 2. The first two—Rao and Hartfield—are consultants retained by plaintiff to testify in this case. *Id.* ¶¶ 14–18. Plaintiff served expert reports for both witnesses on defendants on May 31, 2016, and served a supplemental report for Hartfield on November 23, 2016. *Id.* ¶¶ 15, 17–18.

The last three—Mosothoane, Chapman, and Prasad—are employees of plaintiff, and they serve as the Vice President of Enterprise Systems, Vice President of Finance, and Chief Technology Officer, respectively. *Id.* ¶¶ 1–13. Prior to the November 25 deadline, plaintiff did not serve expert reports for these three witnesses on defendants but instead provided a brief summary of each witness's background with the company, the subjects about which each witness would testify, and the basis for each witness's testimony. *Id.* Plaintiff said it disclosed Mosothoane, Chapman, and Prasad under Rule 26(a)(2)(C). *Id.* ¶¶ 1, 6, 10.

C.   <u>Discussion</u>

Defendants argue plaintiff's having not provided expert reports for the three employee-experts violates the court's scheduling order as well as Rules 26(a)(2)(B) and 26(a)(2)(C). Ex Parte Application 2–4. Defendants ask the court to exclude the three employee-experts from providing expert opinions on a motion, at a hearing, or at trial under Rule 37. *Id.* at 5. For the reasons discussed below, the court finds plaintiff complied with Rules 26(a)(2)(B) and 26(a)(2)(C) and that the court's scheduling order did not require anything more. As a result, exclusion under Rule 37 is not warranted.

3

1          1.      Rule 26

2          Federal Rule of Civil Procedure 26(a)(2) ("Disclosure of Expert Testimony")

3   requires a party to identify any witness it may use at trial to present evidence under Federal Rules

4   of Evidence 702, 703, or 705.  Fed. R. Civ. P. 26(a)(2)(A).

5          In addition to disclosing the identity of expert witnesses, a party must disclose

6   additional information about each expert witness's potential testimony.  *See* Fed. R. Civ. P.

7   26(a)(2)(B)–(C).  The Rule was amended in 2010 to distinguish between "Witnesses Who Must

8   Provide a Written Report," Fed. R. Civ. P. 26(a)(2)(B), and "Witnesses Who Do Not Provide a

9   Written Report," Fed. R. Civ. P. 26(a)(2)(C).  *See* Fed. R. Civ. P. 26, advisory notes (2010).

10  Witnesses under Rule 26(a)(2)(B) must prepare and sign a written report that satisfies several

11  requirements, such as the "facts or data considered by the witness."  *See* Fed. R. Civ. P.

12  26(a)(2)(B)(i)–(vi).  In contrast, witnesses under Rule 26(a)(2)(C) must disclose only "the subject

13  matter on which the witness is expected to present evidence," Fed. R. Civ. P. 26(a)(2)(C)(i), and

14  "a summary of the facts and opinions to which the witness is expected to testify," Fed. R. Civ. P.

15  26(a)(2)(C)(ii).  A written report is required "if the witness is one retained or specially employed

16  to provide expert testimony in the case or one whose duties as the party's employee regularly

17  involve giving expert testimony."  Fed. R. Civ. P. 26(a)(2)(B).

18         The Advisory Committee notes for the 2010 amendment discuss the rationale for

19  the new category of expert witnesses:

20                 Rule 26(a)(2)(C) is added to mandate summary disclosures of the
                   opinions to be offered by expert witnesses who are not required to
21                 provide reports under Rule 26(a)(2)(B) and of the facts supporting
                   those opinions.  This disclosure is considerably less extensive than
22                 the report required by Rule 26(a)(2)(B). Courts must take care
                   against requiring undue detail, keeping in mind that these witnesses
23                 have not been specially retained and may not be as responsive to
                   counsel as those who have.  This amendment resolves a tension that
24                 has sometimes prompted courts to require reports under Rule
                   26(a)(2)(B) even from witnesses exempted from the report
25                 requirement.  An (a)(2)(B) report is required only from an expert
                   described in (a)(2)(B).
26

27  Fed. R. Civ. P. 26, advisory notes (2010).

28
                                          4

1    Here, the court finds plaintiff's three employee-experts fall under Rule

2    26(a)(2)(C), as plaintiff indicated, and not Rule 26(a)(2)(B).  The duties of the three employee-

3    experts do not "regularly involve giving expert testimony."  *See* Opp'n 2.  None of the employee-

4    experts have ever given expert testimony or prepared an expert report before.  *Id.*  Thus, the

5    employee-experts are not witnesses who must provide a written report under Rule 26(a)(2)(B).

6    Instead, the employee-experts are properly characterized as witnesses subject to the less

7    demanding requirements of Rule 26(a)(2)(C).

8    The court further finds plaintiff has satisfied the requirements of Rule 26(a)(2)(C),

9    which requires disclosure of "the subject matter on which the witness is expected to present

10   evidence" and  "a summary of the facts and opinions to which the witness is expected to testify."

11   Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).  Here, plaintiff has disclosed the identity of the three

12   employee-experts, a brief summary of each witness's background with the company, the subjects

13   about which each witness would testify, and the basis for each witness's testimony.  Pl.'s

14   Designation/Disclosure ¶¶ 1–13.  This is sufficient under Rule 26(a)(2)(C).

15   In sum, the court finds plaintiff adequately satisfied Rule 26 when it filed a timely

16   disclosure for its three employee-experts under Rule 26(a)(2)(C).  The court next considers

17   whether the amended scheduling order required anything more.

18                     2.     Compliance with Amended Scheduling Order

19   The court's amended scheduling order does not modify the requirements of Rule

20   26(a)(2).  *See* Am. Scheduling Order 3–4.  Defendants are correct that the court's order defines

21   "expert" broadly to include any expert subject to Rule 26.  *See* Am. Scheduling Order 4 ("For

22   purposes of this scheduling order, an "expert" is any person who may be used at trial to present

23   evidence under Rules 702, 703 and 705 of the Federal Rules of Evidence.").  However, the

24   court's order specifically ties the written report requirement to Rule 26(a)(2)(B).  *See id.* at 3–4

25   ("The [expert witness] designation shall be accompanied by a written report prepared and signed

26   by the witness.  The report shall comply with Fed. R. Civ. P. 26(a)(2)(B).").  Because plaintiff's

27   three employee-experts are not subject to that rule, the scheduling order's written report

28

5

1   requirement does not apply to them.  Thus, plaintiff's compliance with Rule 26(a)(2)(C) is

2   sufficient under the court's order as well.

3           In sum, the court finds plaintiff's three employee-experts are subject to the

4   requirements of Rule 26(a)(2)(C), that plaintiff has satisfied those requirements, and that the

5   court's amended scheduling order does not require anything more in this instance.  Thus,

6   exclusion of the employee-experts is not appropriate under Rule 37.  The court DENIES

7   defendants' ex parte application.

8   II.     PLAINTIFF'S EX PARTE APPLICATION

9           Plaintiff also has filed an ex parte application to strike portions of defendants'

10  rebuttal expert reports.  *See generally* Pl.'s Ex Parte Application.  Plaintiff argues defendants'

11  expert reports by Michael Shamos ("Shamos Report") and Jim Mottern ("Mottern Report"),

12  offered as rebuttal to the reports of plaintiff's expert, LaBaron Hartfield ("Hartfield Initial

13  Report," "Hartfield Supplemental Report"), include material beyond the scope of proper rebuttal.

14  *Id.* at 2.  The application, filed on December 30, 2016, sought the court's ruling in time for

15  plaintiff's deposition of defendants' experts on January 10 and 12, 2017.  *Id.*

16          Here, the court is satisfied, for the purposes of this application, that the scope of

17  plaintiff's expert reports are sufficiently broad to encompass the contents of both of defendants'

18  rebuttal expert reports.  *See, e.g.*, Hartfield Supplemental Report, Section XII ("Sparta and

19  KPIT's Theft of Copart's Intellectual Property").  Thus, the Shamos and Mottern Reports are "on

20  the same subject matter" as plaintiff's expert reports, and plaintiff has not shown a violation of

21  the court's scheduling order or the Federal Rules of Civil Procedure.  Additionally, plaintiff has

22  not shown what prejudice will result from denying plaintiff's application, as plaintiff will have

23  the opportunity to depose each of defendants' two rebuttal experts.  The court DENIES plaintiff's

24  ex parte application.

25  III.    CONCLUSION

26          The court DENIES defendants' ex parte application and DENIES plaintiff's ex

27  parte application.  These rulings are without prejudice and may be renewed, in limine or in

28  another appropriate motion, subject to Federal Rule of Civil Procedure 11.

6

1          IT IS SO ORDERED.

2              This resolves ECF Nos. 171 and 178.

3    DATED:  January 9, 2017.

4

5                                                _____

6                                                UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28