UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPART, INC., | No. 2:14-cv-00046-KJM-CKD |
| Plaintiff, | ORDER |
| v. | |
| SPARTA CONSULTING, INC., KPIT INFOSYSTEMS, INC., AND KPIT TECHNOLOGIES LTD., | |
| Defendants. | |
| SPARTA CONSULTING, INC., | |
| Counterplaintiff, | |
| v. | |
| COPART, INC., | |
| Counterdefendant. | |

Plaintiff Copart, Inc. moves for reconsideration of this court's summary judgment order. Mot., ECF No. 265; *see* Order Summ. J. at 23, ECF No. 264. Defendants oppose. Opp'n, ECF No. 283. Defendants have replied, Reply, ECF No. 285, and the court heard oral argument on the motion. ECF No. 287. The court now resolves this motion. For the reasons below, Copart's motion for reconsideration is DENIED.

/////

1

I.      BACKGROUND

In its summary judgment order, the court addressed defendant Sparta Consulting's motion for summary judgment on Copart's claims of fraudulent inducement, fraud and negligent misrepresentation. Order Summ. J. at 19–27. When laying out Copart's various theories for its fraud claims, the court described promissory fraud as equivalent to fraudulent inducement: "Promissory fraud or fraud in the inducement, a subspecies of fraud and deceit, has the same elements [as fraud and deceit] but also requires that the 'defendant fraudulently induce[d] the plaintiff to enter into a contract." *Id.* at 20. Later in the same order, the court stated, "Copart's fraudulent inducement claim requires a misrepresentation about a party's intent to perform on a promise for this element." *Id.* at 23 (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)). Based on this requirement, the court limited Copart's fraudulent inducement claim to a single actionable representation out of the six representations Copart had identified for its fraud claims. *Id.* at 21–23.

After the court issued its summary judgment order, Copart moved for reconsideration, contending the court committed clear error in stating, "Copart's fraudulent inducement claim requires a misrepresentation about a party's intent to perform on a promise . . . ." Order Summ. J. at 23; *see* Mot. at 4.

II.     LEGAL STANDARD

District courts "possess[] the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of L.A., Harbor Div. v. Santa Monica Baykeeper,* 254 F.3d 882, 885 (9th Cir.2001) (citations and emphasis omitted). In addition, Federal Rule of Civil Procedure 54(b) authorizes courts to revise "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

However, a "motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn*

*Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.,* 571 F.3d 873, 880 (9th Cir.2009) (citation omitted). Clear error occurs where "the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City,* 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)).

The Ninth Circuit has held it is not an abuse of discretion to deny a motion for reconsideration merely because the underlying order is "erroneous," rather than "clearly erroneous." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.4 (9th Cir. 1999). "Mere doubts or disagreement about the wisdom of a prior decision . . . will not suffice . . . . To be clearly erroneous, a decision must . . . [be] more than just maybe or probably wrong; it must be dead wrong." *Campion v. Old Repub. Home Prot. Co., Inc.*, No. 09-CV-748-JMA(NLS), 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011) (quoting *Hopwood v. State of Tex.*, 236 F.3d 256, 273 (5th Cir. 2000)); *see also Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (movant must demonstrate a "wholesale disregard, misapplication, or failure to recognize controlling precedent").

III. DISCUSSION

    A. Copart's Contentions

Copart contends the court inappropriately conflated promissory fraud with fraudulent inducement. Specifically, Copart asserts the court committed clear error in its summary judgment order in stating, "Copart's fraudulent inducement claim requires a misrepresentation about a party's intent to perform on a promise . . . ." Order Summ. J. at 23. In that order, the court cited *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996). *Id*. Copart contends "that fraudulent inducement is not limited to the sort of proof that supports 'promissory fraud'" under California law; "fraudulent inducement can be supported by the same evidence that establishes a general [fraud] claim." Mot. at 4. To support this contention, Copart cites the following language in *Lazar*: "An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." 12 Cal. 4th at 638. According to

/////

Copart, "the *Lazar* court never held that *only* promissory fraud could support a claim for fraudulent inducement." Mot. at 9 (emphasis in original).

A post-*Lazar* California Court of Appeal decision also has distinguished between "promissory fraud" and "fraud in the inducement or procurement through alleged misrepresentations of fact" when evaluating application of the parol evidence rule. *Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 42 (1997). Copart contends "*Lazar* does not conflict with this distinction between" promissory fraud and fraudulent inducement. Mot. at 8.

Copart directs the court's attention to California Civil Code sections 1572, 1709 and 1710. Reply at 1, 7; Mot. at 10. Section 1572 defines "actual fraud" as "any" of several acts, "committed by a party to the contract, or with his connivance, with intent to deceive another party thereto, or to induce him to enter into the contract." One of the five enumerated acts is "[a] promise made without any intention of performing it," while the others involve untrue suggestions, false positive assertions, suppression of the truth, or "[a]ny other act fitted to deceive." Cal. Civ. Code § 1572(1)–(5). Section 1710 defines "[a] deceit" in relation to section 1709, listing four enumerated acts identical to the first four acts listed in section 1572. And section 1709 states, "One who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." According to Copart, "[t]he Civil Code is clear that fraudulent inducement can be proven by conduct other than '[a] promise made without any intention of performing it.'" Reply at 7 (citations omitted).

Copart also cites multiple decisions by federal district courts in California distinguishing between "promissory fraud" and "fraud in the inducement." *E.g.*, *Oak Indus., Inc. v. Foxboro Co.*, 596 F. Supp. 601, 608–09 (S.D. Cal. 1984); *It's Just Lunch Int'l, LLC v. Polar Bear, Inc.*, No. CIV.03-2485 WQH(JFS), 2004 WL 3406117, at *3 (S.D. Cal. Apr. 29, 2004). Those courts have drawn an explicit distinction between promissory fraud and fraud in the inducement when applying the parol evidence rule, prohibiting parol evidence for promissory fraud but permitting parol evidence for fraud in the inducement. *Oak Indus., Inc.*, 596 F. Supp. at 608–09; *It's Just Lunch*, 2004 WL 3406117, at *3.

/////

4

B.     Clear Error

Copart has not shown the court committed clear error in requiring a misrepresentation about a party's intent to perform on a promise for a fraudulent inducement claim. The language of *Lazar* itself does not expressly distinguish promissory fraud from fraudulent inducement. First, the California Supreme Court discussed fraud generally. *Lazar*, 12 Cal. 4th at 638. Second, the court referred to "promissory fraud" as "a subspecies of the action for fraud and deceit." *Id*. The court then wrote, "[W]here a promise is made without [intention to perform], there is an implied misrepresentation of fact that may be actionable fraud." *Id*. The court's next statement is the statement Copart relies on in this motion: "An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into the contract." *Id*. Although the use of "may" in that statement suggests a defendant can fraudulently induce without committing promissory fraud, the *Lazar* court does not distinguish fraudulent inducement from promissory fraud. The *Lazar* court referred to promissory fraud as a "subspecies of . . . fraud and deceit," not a subspecies of fraudulent inducement. *Id*. The court cited a case defining a "tort of deceit" by a defendant inducing plaintiff by making promises. *Id.* (citation omitted). And in concluding its discussion focused on promissory fraud, the court reasoned the defendant was "mistaken about the degree to which policy considerations underlying [the court's] decision in [another case] apply in fraudulent inducement of contract cases." *Id.* at 639; *see also id.* at 649 ("Lazar, therefore, may proceed with his claim for fraud in the inducement of employment contract . . . ."). Even the concurring justice referred to the case as an "ordinary fraudulent inducement case." *Id.* at 650.

Indeed, a relatively recent California Court of Appeal case has required misrepresentation about a party's intent to perform on a promise for fraudulent inducement claims: "To establish a claim of fraudulent inducement, one must show that the defendant did not intend to honor its contractual promises when they were made." *Food Safety Net Services v. Eco Safe Systems USA, Inc.*, 209 Cal. App. 4th 1118, 1131 (2012). To the extent this case conflicts with the older *Edwards* opinion distinguishing between promissory fraud and fraud in the inducement when applying the parol evidence rule, this conflict only highlights the lack of clear

error in this court's summary judgment order.  Moreover, the California Supreme Court has eliminated its previous "restriction on the fraud exception" to the parol evidence rule, observing that its previous case law "ignored California law protecting against promissory fraud." *Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 55 Cal. 4th 1169, 1182 (2013).  Thus, Copart's strongest cases, those explicitly distinguishing between promissory fraud and fraud in the inducement for application of the parol evidence rule, no longer state a distinction that makes a difference under California law.

Copart's citation to California Civil Code sections 1572, 1709–1710 does not shed any light on the question of promissory fraud as it relates to fraudulent inducement.  Section 1572 defines "actual fraud," but it does not create a cause of action.  Section 1710 defines "deceit" for section 1709, which establishes a cause of action for "fraudulent deceit."  In its reply, Copart cites California Civil Code sections 1572(1)–(3), (5), and 1710(1)–(3) as support for fraudulent inducement by conduct other than a promise made without any intention of performing.  *See* Reply at 7.  But Copart's citation suggests these statutes cover only fraudulent inducement; they do not.  For example, sections 1572 and 1710 define intentional misrepresentation, negligent misrepresentation, fraudulent concealment and promissory fraud, respectively.  *See* Cal. Civ. Code §§ 1572(1)–(4), 1710(1)–(4).  Although sections 1572 and 1709 refer to intent to induce, this intent to induce is a required element of fraud generally.  *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004); *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079, 1090 (2013).  It is therefore no surprise that courts have cited section 1572 when discussing fraudulent inducement because fraudulent inducement is a type of "actual fraud."  *See* Reply at 7 (citing *FCM Capital Partners LLC v. Regent Corp. Consulting Ltd.*, No. 2:14–cv–07099–ODW (MANx), 2015 WL 3888670, at *5 (C.D. Cal. June 24, 2015); *Earl v. Saks & Co.*, 36 Cal. 2d 602, 610 (1951)).

Although Copart has cited to other district court decisions that distinguish between promissory fraud and fraudulent inducement for application of the parol evidence rule, the court also observes several other district courts have explicitly equated promissory fraud with fraudulent inducement.  *See, e.g.*, *Hospitality Marketing Concepts, LLC v. Six Continents Hotels,*

*Inc.*, No. SACV 15-01791 JVS (DFMx), 2016 WL 9045621, at *5 n.5 (C.D. Cal. Jan. 28, 2016) (stating, "Under California law, promissory fraud is the same as fraudulent inducement.") (citing *Lazar*, 12 Cal. 4th at 638); *Bell v. Federal Home Loan Mortg. Corp.*, No. 11-CV-2514-MMA (RBB), 2012 WL 4576584, at *3 (S.D. Cal. Oct. 1, 2012) (stating, "The tort of fraudulent inducement to enter a contract, also known as promissory fraud . . . .") (citing *Lazar*, 12 Cal. 4th at 638). Regardless, of course, this court "is not bound by the decisions of other magistrate or district judges." *Gonzales v. Astrue*, No. 1:10–cv–01330–SKO, 2012 WL 2064947, at *6 (E.D. Cal. June 7, 2012).

None of Copart's cited cases "amount to intervening change of controlling law," *see Manago v. Gonzales*, No. 1:11–cv–01269–SMS (PC), 2013 WL 1499323, at *2 (E.D. Cal. April 10, 2013), and the weight of authority, as well as the most recent California Court of Appeal case the court notes above, equates promissory fraud with fraudulent inducement. Because Copart shows only a "split of authority" on a "debatable" question, Copart has failed to show the court committed clear error. *See In re Licores*, No. SA 13-10578-MW, 2013 WL 6834609, at *8 (C.D. Cal. Dec. 20, 2013); *McDowell,* 197 F.3d at 1255–56.

IV. <u>CONCLUSION</u>

Copart fails to show that the court committed clear error. The court therefore DENIES Copart's motion for reconsideration.

IT IS SO ORDERED.

DATED: February 20, 2018.

_____
UNITED STATES DISTRICT JUDGE

7