MARK P. RESSLER (*pro hac vice*)
RONALD R. ROSSI (*pro hac vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York  10019
Telephone:   (212) 506-1700
Facsimile:   (212) 506-1800
mressler@kasowitz.com

JASON S. TAKENOUCHI (SBN 234835)
MARGARET ZIEMIANEK (SBN 233418)
KASOWITZ BENSON TORRES LLP
101 California Street, Suite 2300
San Francisco, California  94111
Telephone:   (415) 421-6140
Facsimile:   (415) 398-5030
jtakenouchi@kasowitz.com
mziemianek@kasowitz.com

Attorneys for Plaintiff COPART, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPART, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SPARTA CONSULTING, INC., KPIT INFOSYSTEMS, INC., and KPIT TECHNOLOGIES LTD.,<br><br>　　　　Defendants.<br><br>SPARTA CONSULTING, INC.,<br><br>　　　　Counterplaintiff,<br><br>　v.<br><br>COPART, INC.,<br><br>　　　　Counterdefendant. | Case No: 2:14-CV-00046-KJM-CKD<br><br>**PLAINTIFF-COUNTERDEFENDANT COPART INC.'S *EX PARTE* APPLICATION TO INCLUDE VINCENT PHILLIPS ON COPART'S WITNESS LIST**<br><br>Judge:　　Hon. Kimberly J. Mueller<br>Location:　Courtroom 3, 15th Floor |

Plaintiff/Counterdefendant Copart, Inc. ("Copart") brings this *ex parte* application for an order amending the Final Pretrial Order (Dkt. No. 349) to include Vincent Phillips on Copart's witness list. Prior to bringing this application, Copart met and conferred in good faith with Defendants; however, prior to filing this *ex parte* application, Defendants had not yet reached a decision on whether they would be amenable to filing a stipulation to amend Copart's witness list to include Phillips as a witness. Given the need to bring this issue to the Court's attention as soon as practicable, Plaintiff has filed this *ex parte* application even as it awaits Defendants' consent, which may, or may not, be forthcoming. In accordance with the Court's Standing Order, Copart submits two declarations establishing the necessity of the requested *ex parte* order concurrently with this application. *See* Declaration of Margaret Ziemianek In Support of Copart's Ex Parte Application ("Ziemianek Decl."); Declaration of Jason Takenouchi In Support of Copart's Ex Parte Application ("Takenouchi Decl.").

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

As an initial matter, Plaintiff apologizes to the Court and Defendants for any inconvenience resulting from Copart's inadvertent failure to include Phillips on its witness list. Phillips was Copart's Chief Technology Officer who headed Copart's Information Technology group during the AIMOS Project at issue in this case. He was initially disclosed by both parties as a knowledgeable witness, he was deposed by Sparta on two separate days during the ordinary course of fact discovery and Defendants have designated over 80 pages of deposition testimony from him. *Id.* ¶3; Dkt. No. 282-8 at 24, 27.

Copart submitted its witness list to the Court as part of the Joint Pretrial Conference Statement last year. Dkt. No. 282-3. As a result of a scrivener's error, Phillips' name was not included on that list. The error occurred when a member of Copart's legal team inadvertently excised Phillips' name while converting an internal witness list from a spreadsheet format into a format acceptable for submission to the Court under its electronic filing protocols. Ziemianek Decl. ¶¶2-3. After Copart filed the witness list with the Court, Copart's legal team continued to rely on the original internal spreadsheet list for planning purposes, and erroneously assumed that Phillips

had been included on the witness list that Copart later amended and that was adopted by the Court in its Final Pretrial Order. Copart discovered its oversight yesterday, and realized that it had inadvertently omitted Phillips from the filed witness list. *Id.* ¶4; Takenouchi Decl. ¶4. Copart immediately contacted Defendants, explained the oversight and asked if they would provide consent to adding Phillips as a witness. *Id.* ¶5. Defendants have not yet notified Copart of their position on this request. *Id.*

Phillips is a witness well-known to the parties from the outset of discovery and has been deposed by Defendants over the course of two days. If allowed to testify at trial, he would aid the jury by offering important testimony addressing multiple disputed issues. *Id.* ¶6. For example, he signed the contracts and Milestone documents, and communicated directly with Sparta and Copart managers throughout the Project concerning key project issues and events. *Id.* In addition, to the extent the Court allows the introduction of the 100% CAS Confirmations and the testimony of defense witness Matt Raabe as to the interpretation of the parties' contract, despite Copart's pending Motions In Limine Nos. 1 and 3 (*see* Dkt. Nos. 273, 276), Phillips would also address facts concerning those matters. *Id.* And Phillips will already appear at trial in the form of his deposition testimony, as Defendants have designated portions of over 80 pages of it. *See* Dkt. No. 282-8 at 24-27.

Copart's counsel apologizes to the Court for the error and asks that, in the interest of preventing manifest injustice under Rule 16, the Court allow Copart to call Phillips at trial. Copart's request satisfies the factors specified by the Ninth Circuit. *First*, there is no prejudice to Defendants in allowing Phillips to testify, as the trial is not to commence for another eight weeks. Nor is there any unfair surprise, as Phillips was referenced in Copart's Complaint, has been deposed on two separate days for the full 7 hours allowed by the Federal Rules, has submitted multiple declarations in support of Copart's summary judgment briefs, is referenced in the descriptions on Defendants' exhibit list over 150 times and has been identified as a likely trial witness by Defendants early in the case. *See* Dkt. Nos. 126, 199, 217, 219, 227, 282-6. *Second*, Copart would be prejudiced without the testimony of Phillips, a former Copart technology executive who was

centrally involved in the critical events at issue and who will be able to more fully elucidate for the jury Copart's position on its claims and defenses. *Third*, permitting Phillips to testify would not impact the orderly and efficient conduct of the case. *Fourth*, the omission of Phillips on the witness list was the result of inadvertence and oversight, not willfulness or bad faith.

Copart's counsel would be available for a Court hearing or telephone conference if the Court seeks further clarification of the events relating to the omission.

## II.   ARGUMENT

### A.   Legal Standard.

The trial court may amend a final pretrial order to prevent "manifest injustice." Fed. R. Civ. P. 16(e). "This does not mean, however, that a pretrial order is a legal 'straitjacket' that unwaveringly binds the parties and the court, rather, the Court retains a 'certain amount of latitude to deviate from a pre-trial order.'" *Hoffman v. Tonnemacher*, No. CIVF045714AWIDLB, 2006 WL 3457201, at *1 (E.D. Cal. Nov. 30, 2006) (citing cases).

In evaluating a motion to amend the pretrial order for "manifest injustice," a district court should consider several factors, including: (1) the degree of prejudice to the party resulting from a failure to modify; (2) the degree of prejudice to non-moving party from a modification; (3) the impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and (4) the degree of willfulness, bad faith or inexcusable neglect on the part of the moving party. *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). *See also Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (applying a modified version of the *First Nat.* test based on: (1) the degree of prejudice or surprise to the nonmoving party if the order is modified; (2) the ability of the non-moving party to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking modification). Where, upon consideration of these factors, "the court determines that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *First Nat.*, 652 F.2d at 887.

*Coston v. Nangalama*, No. 2:10-CV-02009-MCE, 2014 WL 2876700, at *3 (E.D. Cal. June 24, 2014), an opinion from this district, illustrates the standard that applies. In that case the defendant omitted the name of a witness who had not been deposed but who had written a key report that had been produced to plaintiff, and sought leave of the court to add that witness to its witness list. *Id.* at *3. The court found good cause and granted the request, noting both that the witness's testimony "appears to be relevant to Plaintiff's claims and Defendants' defense in this action," and that the there was little surprise or prejudice because the Plaintiff had already received a copy of the individual's report. *Id.*

### B. Exclusion Of Phillips Would Prejudice Copart.

Vincent Phillips is an important witness for Copart. He was a leading participant in key events at issue in the case, and would testify about his involvement in, among other things, the contract negotiations, the Milestone sign-off process, 100% CAS functionality and Defendants' performance on the Project. Takenouchi Decl. ¶6. For example, Phillips signed the contracts and Milestone documents, and communicated directly with Sparta and Copart managers throughout the Project concerning key project events. *Id.* To the extent the Court allows the introduction of the 100% CAS Certifications and the testimony of defense witness Matt Raabe as to the interpretation of the parties' contract, despite Copart's pending Motions In Limine Nos. 1 and 3 (*see* Dkt. Nos. 273, 276), Phillips would also address the facts concerning those matters. Defendants have also already designated portions of over 80 pages of Phillips' deposition testimony, and he is referenced in the descriptions on Defendants' exhibit list over 150 times.

Copart respectfully requests that it be permitted to present Phillips' testimony so that the jury can obtain a full understanding of Copart's position on critical issues, from the perspective of Copart's former Chief Technology Officer who was centrally involved in the matters in dispute. *See* Takenouchi Decl. ¶6.

### C. There Is No Prejudice Or Surprise To Defendants.

There is no risk of prejudice or surprise to Defendants in allowing Phillips to testify at trial. Phillips was listed on all of the parties' Rule 16 initial disclosures, and was listed in Defendants'

disclosures as potentially testifying about a range of contested matters, including "The contracts and agreements between Sparta and Copart; the work performed and completed by Sparta pursuant to the contracts and agreements; Copart's failure to perform pursuant to the contract and agreements; Copart's alleged damages; the alleged misappropriation of trade secrets and Copart proprietary information; the allegedly unauthorized access of Copart's computer systems." Takenouchi Decl. ¶8 (quoting Sparta's Sept. 16, 2016 Amended Initial Disclosures).

Phillips was deposed by Defendants in this case on two separate days – on March 23, 2016, and April 1, 2016.[1] *Id.* ¶7. He submitted multiple declarations in support of Copart's motion for summary judgment, and in opposition to Defendants' motions for summary judgment. *See* Dkt. Nos. 199, 217, 219, 227. Defendants have already designated over 80 pages of his deposition testimony for trial purposes. Dkt. No. 282-8 at 24-27. And Phillips is referenced in the descriptions on Defendants' exhibit list over 150 times. *See* Dkt. No. 282-6.

### D. Measures Exist To Address Any Prejudice To Defendants.

Even if there were prejudice to Defendants from adding a long-known witness to Copart's witness list, which there is not, there are adequate measures to address any such prejudice, including requiring Copart to submit a more detailed description of Phillips' planned testimony, or allowing Defendants a limited additional deposition of Phillips.

### E. Adding Phillips As A Witness Would Not Affect The Orderly And Efficient Conduct Of The Case.

Trial in this case is set for April 23, nearly eight weeks away. Phillips has already been deposed, and the subjects of his testimony – and the over 150 documents that he sent or received that will be in dispute, as well as the portions of over 80 pages of deposition testimony already designated by Defendants – are all well known to Defendants. Allowing Copart to add Phillips to its witness list would not affect the orderly and efficient conduct of the case. *See Quinn v. Fresno Cty. Sheriff*, No. 1:10-CV-01617 LJO, 2012 WL 3069934, at *2 (E.D. Cal. July 27, 2012) (granting

---

[1] Defendants took the second day of deposition so that they could obtain the full seven hours of Phillips' testimony.

plaintiff's request to add a new witness two weeks before trial even though the witness had not yet been deposed).

### F. There Was No Willfulness Or Bad Faith By Copart's Counsel.

As explained in the supporting declaration of Margaret Ziemianek, the omission of Phillips was an oversight due to attorney error. Ziemianek Decl. ¶3. Copart apologizes for the oversight and for not identifying this oversight earlier, and regrets burdening the Court with Copart's attempt to correct the oversight. There was no bad faith or willfulness in this oversight. *See id.*

### III. CONCLUSION.

Copart apologizes to the Court for the disruption caused by this request, but believes there are sufficient grounds for allowing Copart to amend its witness list to include an important witness who has been amply disclosed, whose testimony will already be included at trial through over 80 pages of designated deposition testimony and dozens (if not hundreds) of documents, who will address key parts of Copart's claims and defenses from the perspective of its former Chief Technology Officer and whose deletion from Copart's witness list was the result of an inadvertent error. If the Court wishes to question Copart's counsel about the events leading to the deletion of Phillips from Copart's witness list, and the reasons Copart's counsel did not identify the oversight earlier, Copart's counsel is available for a telephone conference at the Court's convenience.

Dated: February 28, 2018

Respectfully submitted,

/s/ *Mark P. Ressler*

MARK P. RESSLER (*pro hac vice*)
RONALD R. ROSSI (*pro hac vice*)
KASOWITZ BENSON TORRES LLP
1633 Broadway
New York, New York 10019
Telephone:   (212) 506-1700
Facsimile:    (212) 506-1800
mressler@kasowitz.com

JASON S. TAKENOUCHI (SBN 234835)
MARGARET ZIEMIANEK (SBN 233418)

6
COPART EX PARTE APPLICATION RE VINCENT PHILLIPS;
Case No. 2:14-CV-00046-KJM-CKD

|   |   |
|---|---|
| 1 | KASOWITZ BENSON TORRES LLP |
|   | 101 California Street, Suite 2300 |
| 2 | San Francisco, California 94111 |
|   | Telephone:   (415) 421-6140 |
| 3 | Facsimile:    (415) 398-5030 |
|   | jtakenouchi@kasowitz.com |
| 4 | mziemianek@kasowitz.com |
| 5 | Attorneys for Plaintiff COPART, INC. |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 28th day of February, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

/s/ *Mark P. Ressler*
Mark P. Ressler