GIBSON, DUNN & CRUTCHER LLP
　Frederick Brown (California Bar No. 65316)
　Joseph R. Rose (California Bar No. 279092)
　Ian T. Long (California Bar No. 290975)
555 Mission Street, Suite 3000
San Francisco, California 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306
Email: fbrown@gibsondunn.com
　　　　jrose@gibsondunn.com
　　　　ilong@gibsondunn.com

LEWIS & LLEWELLYN LLP
　Paul T. Llewellyn (California Bar No. 216887)
　Ryan B. Erickson (California Bar No. 268239)
　Rebecca Furman (California Bar No. 294082)
505 Montgomery Street, Suite 1300
San Francisco, California 94111
Telephone: (415) 800-0590
Facsimile: (415) 390-2127
Email: pllewellyn@lewisllewellyn.com
　　　　rerickson@lewisllewellyn.com
　　　　bfurman@lewisllewellyn.com

Attorneys for Defendant and Counterplaintiff,
SPARTA CONSULTING, INC. and Defendants
KPIT INFOSYSTEMS, INC. and KPIT
TECHNOLOGIES, LTD.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPART, INC., <br><br> Plaintiff, <br><br> v. <br><br> SPARTA CONSULTING, INC., KPIT INFOSYSTEMS, INC., and KPIT TECHNOLOGIES, LTD., <br><br> Defendants. | CASE NO. 2:14-CV-00046-KJM-CKD <br><br> **DEFENDANTS' OPPOSITION TO COPART'S *EX PARTE* APPLICATION TO AMEND ITS WITNESS LIST** |
| SPARTA CONSULTING, INC., <br><br> Counterplaintiff, <br><br> v. <br><br> COPART, INC. <br><br> Counterdefendant. | |

# I. PRELIMINARY STATEMENT

Copart's *ex parte* application to amend its witness list for a second time reflects the latest episode of Copart's inexcusable neglect, a show that Copart has forced Defendants and the Court to endure over and over again throughout the course of this litigation. In the latest episode, Copart claims it mistakenly excluded Vincent Phillips from the two previous iterations of its witness list, a mistake that it apparently took Copart four months to notice.

On October 27, 2017, as part of the Joint Pretrial Statement, Copart submitted the first of its witness lists. (Dkt. 282-3.) That bloated list included, unrealistically, 40 witnesses that Copart purportedly intended to call at trial—23 live and 17 by deposition. In violation of the Court's pretrial order, however, Copart failed to include a "brief summary of the nature of the testimony to be proffered." (*See* Dkt. 140 at 8; Dkt. 282-3 (listing only witness names, addresses, party affiliation, and whether they would testify live or by deposition).)

Over two weeks after the deadline, on November 14, 2017, Copart attempted to fix its errors. This time, Copart amended its witness list to fill in some of the missing required information. (Dkt. 286.) Yet even Copart's amended witness list contains careless errors. For example, it uses the testimony topics for Justin Chapman for Will Franklin. (*See* Dkt. 286-1 at 2.) It also, for the first time added four new, previously undisclosed, witnesses—although it still apparently forgot to add Vincent Phillips. The impermissible addition of those new witnesses is the subject of a motion in *limine* by Defendants, currently under submission. (*See* Dkt. 289.)

Over four months after its initial submission, Copart now seeks a *third bite at the apple*, attempting to add Vincent Phillips as a witness. While Copart now engages in long-winded excuses involving "internal spreadsheets," "formatting" issues and a "scrivener's error," Copart conveniently ignores the key issue here. With respect to the two prior submissions, no one from Copart's legal team apparently even bothered to read the witness list before submitting it to the Court. Because the list is alphabetical, even a cursory review would have revealed immediately the purported omission. Indeed, perhaps the purported error would have been even more obvious if Copart had not been so careless in the first place by unrealistically thinking it could call 40 witnesses at trial.

Each of Copart's repeated, careless errors and its disregard for the rules and orders of the Court prejudices Defendants.[1] At a minimum, Defendants must waste time and resources responding to Copart's repeated attempts to fix its mistakes. And Copart fails to explain—as it must—why its purported error was *excusable*. It was not. It is inexcusable to *twice over* sign and submit to the Court a witness list without reviewing to ensure it is complete. And it is inexcusable that Copart apparently failed to read the Court's Final Pretrial Order, issued on February 8, 2018, which incorporates the very same witness list as Exhibit A. (Dkt. 349-1.) Finally, the Final Pretrial Order sets for the standard for belated additions to the parties' witness lists for trial—a standard that Copart ignores completely in its application. (*Id.*)

Enough is enough. With trial only seven weeks away and preparation deep underway, the Court and Defendants should not be burdened by Copart's latest ham-handed attempt to fix its mistakes, which results in a moving target for Defendants. Because Copart has not come close to showing excusable neglect, the Court should have no hesitation in enforcing its orders and denying Copart's application.

## II. ARGUMENT

"A scheduling order is not "a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."" *Akey v. Placer Cty.*, No. 2:14-CV-2402 KJM DB, 2017 WL 1831944, at *3 (E.D. Cal. May 8, 2017) (Mueller, J.) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)). The Court has warned repeatedly that it will apply "a stringent

---

[1] As just a few examples, at summary judgment, Copart failed to submit any evidence of damages related to Milestones 8-15 and then tried to reopen the summary judgment record by letter brief, an "unsolicited" request, which this Court rejected. (*See* Dkt. 264 at 13 n.2.) During discovery, Copart failed to timely initiate the proper procedures under the Hague Convention to depose witnesses located in India, and then, on the eve of the fact discovery cutoff, sought to compel Defendants to produce them in the United States, a request which Judge Delaney properly denied. (*See* Dkt. 163 at 1-2.) Copart also failed entirely to identify any expert testimony to establish that its alleged "trade secret" is, in fact, a trade secret in the first instance, causing the Court to note, "[w]ithout its own expert, Copart may struggle at trial to show the SAP Code 'derives independent economic value' and constitutes a trade secret." (*See* Dkt. 264 at 29.) Copart also failed to diligently investigate Sparta's argument, disclosed in its Answer, that Sparta had in fact developed much of the code alleged to be a trade secret for a different client, prior to and independent of Sparta's work for Copart. Remarkably, Copart tried to blame Defendants for this oversight, filing a spurious motion in *limine* to exclude at trial the witness and documents relating to this defense (Dkt. 279), even though all had been disclosed to Copart in discovery. (*See* Dkt. 307.)

standard for the offering at trial of witnesses and exhibits not listed in the Final Pretrial Order, and the parties are cautioned that the standard will be strictly applied." (Dkt. 33 at 8; Dkt. 140 at 8.) The Final Pretrial Order forbids unlisted witnesses from testifying unless they are purely for rebuttal of issues not anticipated pretrial or unless "the witness could not reasonably have been discovered prior the discovery cutoff" and other conditions are met. (Dkt. 349 at 18–19.) Vincent Phillips does not meet either of these requirements, as Copart evidently has planned to call him in their case-in-chief since the outset of this litigation. (*See* App. at 1-2.) Accordingly, he may not testify at trial unless Copart meets the high burden of demonstrating "manifest injustice."

In considering Copart's Application to modify the Final Pretrial Order, the Court must consider, among other things, the "impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case" and "the degree of willfulness, bad faith or inexcusable neglect on the part of the moving party." *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). Indeed, courts have refused to grant requests to modify pretrial orders where the moving party's error was inexcusable despite the existence of prejudice. *E.g.*, *Lirette v. Popich Bros. Water Transp. Inc.*, 660 F.2d 142, 145 (5th Cir. 1981) (affirming exclusion of witness not named in witness list submitted under final pretrial order despite the possibility of unfairness). In other words, inexcusable error should not be excused.

**A.    Copart's Failure to Review Multiple, Signed Submissions to the Court Is Inexcusable**

Copart admits that its omission of Mr. Phillips from both of its witness lists is the result of its repeated failure to review its own signed submissions to the Court. "A party's failure to review critical documents prior to filing, does not, without more, constitute excusable neglect." *Wright v. Gen. Motors Acceptance Corp.*, No. 09CV2666 JM AJB, 2012 WL 2014276, at *1 (S.D. Cal. June 5, 2012) (denying rule 60 motion). To the contrary, it is, in fact, sanctionable. *See, e.g.*, *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994) (affirming sanction for counsel's "stupid mistake" of filing motion he "did not read"); *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 979 (E.D. Cal. 2005) (imposing sanction because counsel acted unlike "[a]ny competent attorney" by "unreasonably" filing pleadings without "review[ing] the pleadings or the record"). The declarations submitted in support of its Application acknowledges that Copart's legal team simply transferred

information from an internal document to the filed witness list and then resumed use of the internal document without ever reviewing even one time the witness list that was submitted to the Court and to Defendants. (Dkt. 361-1 ¶¶ 2-4; 361-2 ¶ 3.) Neither declaration describes even a modicum of diligence in reviewing the lists that were submitted to the Court not once, but twice. To explain away an error of this magnitude one would normally expect to see declarations from each of the partners on the case, and perhaps Copart's own in house counsel as well, explaining the care they used to diligently review the two witness lists. Copart submitted no such declarations from its large legal team because no care at all was exercised by anyone on behalf of Copart.

Also inexcusable is Copart's attempt to explain away the omission as a "scrivener's error" and shift blame away from the responsible partners, including the partner who actually signed the filing without reviewing it, to a different "member of Copart's legal team" (Dkt. 361 at 1). *See Int'l Allied Printing Trades Ass'n v. Am. Lithographers, Inc.*, 233 F.R.D. 554, 556 (N.D. Cal. 2006) (describing "an attorney's failure to read essential documents he himself signs and files" as "even less compelling" an excuse than "a lawyer's failure to read an applicable rule"); *Nadler v. Nature's Way Prod., LLC*, No. CV1300100TJHOPX, 2015 WL 12781486, at *2 (C.D. Cal. Mar. 30, 2015) (rejecting counsel's attempt to shift blame to a secretary because "[t]he attorney has the ultimate burden of reading and ensuring pleadings are properly fil[ed]"). Here, Copart has asked a lone Special Counsel at the firm to take the fall for the entire team. That in itself is inexcusable.

**B.     Copart's Failure to Review the Court's Final Pretrial Order Is Inexcusable**

The Court incorporated Copart's amended witness list as Exhibit A of the Court's Final Pretrial Order of February 8, 2018. (Dkt. 349-1.) The Court informed the parties that the Order "w[ould] become final" unless the parties filed any objections within fourteen days—*i.e.*, after February 21, 2018. (Dkt. 349 at 24.) Had Copart reviewed the Court's Order, it would have noticed its omission and raised the issue by the Court-ordered deadline. It did not. Copart's inability or unwillingness to read or comply with the Court's Final Pretrial Order is "inexcusable." *First Nat. Bank*, 652 F.2d at 887. Indeed, such "carelessness is not compatible with a finding of diligence." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). And courts routinely deny motions to excuse counsel's failure to review court orders—often even when it is catastrophic

for the moving party. *See, e.g.*, *United States ex rel Bailey v. Gatan, Inc.*, No. 2:12-cv-00106-MCE-CKD, Dkt. 180 at 4 (E.D. Cal. Nov. 14, 2016) (denying Rule 16 relief due to counsel's failure to review court's orders); *Walker v. Citibank, N.A.*, No. 2:09-cv-03171-GEB-DA, 2010 WL 2629506, (E.D. Cal. June 29, 2010) (denying Rule 60 request to vacate an adverse judgment and referral to the state bar after counsel "inadvertently missed court ordered responses and appearances due to technical notice failures").

### C. Amending the Final Pretrial Order Will Interfere with the Orderly Conduct of the Case and Prejudice Defendants

Copart has failed to carry its burden to demonstrate that re-opening the witness list will not interfere with the orderly conduct of the case. The Court's Final Pretrial Order is final for a reason. "'The purpose of [the final pretrial] order is to guide the course of the litigation,' and '[o]nce formulated, [it] should not be changed lightly[.]'" *Jones v. Ballesteros*, No. 10-cv-0261-KJM-EFB, 2016 WL 8731398, at *2 (E.D. Cal. Aug. 26, 2016) (Mueller, J.) (quoting Fed. R. Civ. P. 16(e) advisory committee's note). It allows the parties to proceed to trial on a level playing field and minimizes the risk of unfair prejudice due to surprise witnesses, evidence, and legal theories. Copart's attempt to undo the finality of the Court's Order and amend its witness list for a second time undermines those objectives and sets a bad precedent as the case proceeds to trial.

In addition, Copart's delay in identifying and raising the issue of Mr. Phillips' omission prejudices Defendants because it operates as an asymmetrical disclosure, allowing Copart a four-month head start with Defendants' completed disclosures (including deposition designations of Mr. Phillips' testimony) in hand before seeking to augment its own witness list. This "asymmetrical disclosure is exactly what the rules are designed to prevent." *McDermott v. Palo Verde Sch. Dist.*, No. EDCV 12-01112-VAP, 2013 WL 5525007, at *6 (C.D. Cal. Oct. 4, 2013) (dismissing case where Plaintiff failed to timely file all required pretrial disclosures). Defendants timely disclosed their trial witnesses and intended cross-examination of Mr. Phillips (in the form of deposition designations) on October 27, 2017. Copart's proposed amendment is tantamount to allowing it to withhold Mr. Phillips as a surprise witness while retaining the benefit of Defendants' designations of his deposition testimony.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Copart's *ex parte* application to amend the Final Pretrial Order to add Vincent Phillips to its witness list.

Dated: March 2, 2018

GIBSON, DUNN & CRUTCHER, LLP

By: /s/ Frederick Brown
Frederick Brown

Attorney for Defendant and Counterplaintiff SPARTA CONSULTING, INC. and Defendants KPIT INFOSYSTEMS, INC. and KPIT TECHNOLOGIES, LTD.

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on March 2, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and supporting documents via the Court's CM/ECF system.

/s/ Frederick Brown

Frederick Brown
Attorney for Defendant and Counterplaintiff SPARTA CONSULTING, INC. and Defendants KPIT INFOSYSTEMS, INC. and KPIT TECHNOLOGIES, LTD.
