UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPART, INC., | No. 2:14-cv-00046-KJM-CKD |
| Plaintiffs, | |
| v. | ORDER |
| SPARTA CONSULTING, INC., KPIT INFOSYSTEMS, INC., and KPIT TECHNOLOGIES LTD, | |
| Defendants. | |
| SPARTA CONSULTING, INC., | |
| Counterplaintiff, | |
| v. | |
| COPART, INC., | |
| Counterdefendant. | |

The court resolves three disputes below, with written orders to follow providing a more complete explanation with respect to the first two matters.

/////

/////

/////

1

## I. MOTION TO BIFURCATE (ECF NO. 290)

Having reviewed the parties' filings and heard oral argument on the question of bifurcation (ECF Nos. 290, 341, 347, 359), the court DENIES defendants' motion to bifurcate. As noted, a further order explaining the court's reasoning in full will follow.

## II. DEFENDANTS' MOTION IN LIMINE ONE (ECF NO. 266)

Having reviewed the parties' filings and heard oral argument on this motion (ECF Nos. 266, 310, 321, 359), the court DENIES the motion and will not exclude evidence of lost profits.

The court also DENIES WITHOUT PREJUDICE defendants' motion to exclude an expert report on lost profits drafted by Dr. Mohan Rao, Ph.D, subject to renewal at trial as a challenge under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

A further order explaining the court's reasoning in full will follow.

## III. COPART'S EX PARTE APPLICATION (ECF NO. 361)

Having reviewed the parties' filings on this application (ECF Nos. 361, 362), the court GRANTS plaintiff's request to modify the court's final pretrial order, ECF No. 349, to allow inclusion of Chief Technology Officer Vincent Phillips on plaintiff's witness list. The court ORDERS plaintiff to promptly submit an amended witness list including Mr. Phillips and "a more detailed description of Phillips'[s] planned testimony . . . ." ECF No. 361 at 6. The court orders this modification "to prevent manifest injustice." Fed. R. Civ. P. 16(e).

Under the "manifest injustice" test of Rule 16, the Ninth Circuit has listed four factors for courts to consider: prejudice to the opposing party, that party's ability to cure the prejudice, the impact on the orderly and efficient conduct of the trial and any willfulness or bad faith on the part of the party seeking the modification. *Hunt v. Cty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (internal quotations omitted). The court also considers the moving party's delay in seeking amendment. *Galdamez v. Potter,* 415 F.3d 1015, 1020 (9th Cir.2005).

Plaintiff has met its burden to show manifest injustice would result if the pretrial order was not modified. *See Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998), *superseded by statute on other grounds as stated in January v. Dr. Pepper Snapple Group,* 594 Fed. App'x 907

(9th Cir. 2014).  Here, there is little, if any, prejudice to defendants.  All parties listed Phillips on their Rule 16 initial disclosures, and defendants themselves disclosed Phillips as someone who could testify about "[t]he contracts and agreements between Sparta and Copart; the work performed and completed by Sparta pursuant to the contracts and agreements; Copart's failure to perform pursuant to the contract and agreements; Copart's alleged damages; the alleged misappropriation of trade secrets and Copart proprietary information; the allegedly unauthorized access of Copart's computer systems."  *See* Takenouchi Decl. ¶ 8, ECF No. 361-1 (quoting Sparta's Sep't 6, 2016 Am. Initial Disclosures).  Defendants obtained a full seven hours of Phillips's testimony across two separate days.  *Id.* ¶ 7.  Phillips also submitted multiple declarations supporting plaintiff's motion for summary judgment and opposing defendants' motions for summary judgment.  *See* ECF Nos. 199, 219, 227.  Moreover, defendants have designated more than 80 pages of deposition testimony for trial purposes.  *See* Joint Pretrial Statement (JPTS), Ex. H at 20-27, ECF No. 282-8.  Defendants reference Phillips in the descriptions incorporated in their exhibit list more than 170 times.  *See* JPTS, Ex. F, ECF No. 282-6.

Defendants will face no unfair surprise when Phillips testifies at trial.  Defendants' prior deposition of Phillips eliminates or cures any potential prejudice.  Any further conceivable prejudice to defendants can be cured by simply ordering plaintiff promptly to submit an amended witness list identifying Vincent Phillips as a witness and providing "a more detailed description of Phillips'[s] planned testimony . . . ."  ECF No. 361 at 6.  Such a detailed description will ensure defendants may properly prepare their cross-examination of Phillips at trial.

Moreover, identifying Phillips formally as a witness will not affect the orderly and efficient conduct of this case.  Trial is set for several weeks down the road, to begin April 23, 2018, Phillips has already been deposed, and both parties are aware of the significance of Phillips' testimony with respect to their dispute.

Finally, the court observes no willfulness or bad faith on the part of plaintiffs' counsel.  Plaintiff has explained its oversight based on attorney error, by describing special counsel's having "inadvertently omitted the name of Vincent Phillips" when transferring

3

"information from an internal spreadsheet" to "the witness list document" filed with the court. Ziemianek Decl. ¶ 3, ECF No. 361-2.

Plaintiff has met its burden to show the modification requested of the court's final pretrial order, ECF No. 349, is necessary "to prevent manifest injustice." Fed. R. Civ. P. 16(e).

IV. <u>CONCLUSION</u>

The court ORDERS the following:

- Defendants' motion to bifurcate, ECF No. 290, is DENIED with a further written order to follow.
- Defendants' motion in limine one, ECF No. 266, is DENIED as to the motion to exclude evidence of lost profits. The motion is DENIED WITHOUT PREJUDICE as to the motion to exclude an expert report on lost profits drafted by Dr. Mohan Rao, Ph.D, subject to renewal at trial as a challenge under *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). A further written order explaining the court's reasoning also will follow.
- Plaintiff's ex parte request to modify the court's final pretrial order, ECF No. 349, to include Vincent Phillips on plaintiff's witness list is GRANTED. The court hereby ORDERS plaintiff to file an amended witness list by noon on **March 30, 2018**, adding Vincent Phillips and including "a more detailed description of Phillips'[s] planned testimony . . . ." ECF No. 361 at 6. Once filed the amended witness list will supersede plaintiff's witness list attached to the court's final pretrial order, with the superseding list incorporated into and considered a part of that order.

IT IS SO ORDERED.

DATED: March 26, 2018.

_____
UNITED STATES DISTRICT JUDGE

4