1   LEWIS & LLEWELLYN LLP
    Paul T. Llewellyn (Bar No. 216887)
2   pllewellyn@lewisllewellyn.com
    Ryan B. Erickson (Bar No. 268239)
3   rerickson@lewisllewellyn.com
    Rebecca Furman (Bar No. 294082)
4   rfurman@lewisllewellyn.com
    505 Montgomery Street, Suite 1300
5   San Francisco, California 94111
    Telephone: (415) 800-0590
6   Facsimile:  (415) 390-2127

7   GIBSON, DUNN & CRUTCHER LLP
    Frederick Brown (Bar No. 65316)
8   fbrown@gibsondunn.com
    Joseph R. Rose (Bar No. 279092)
9   jrose@gibsondunn.com
    Ian T. Long (Bar No. 290975)
10  ilong@gibsondunn.com
    555 Mission Street, Suite 3000
11  San Francisco, California 94105
    Telephone: (415) 393-8200
12  Facsimile:  (415) 393-8306

13  Attorneys for Defendant and Counterplaintiff,
    Sparta Consulting, Inc. and Defendants KPIT Infosystems, Inc.
14  and KPIT Technologies Ltd.

15              UNITED STATES DISTRICT COURT

16              EASTERN DISTRICT OF CALIFORNIA

17  COPART, INC.,                          CASE NO. 2:14-cv-00046-KJM-CKD

18              Plaintiff,

19  v.                                     **DEFENDANTS' PROPOSED FINAL
                                           JURY INSTRUCTIONS**
20  SPARTA CONSULTING, INC., KPIT
    INFOSYSTEMS, INC., AND KPIT
21  TECHNOLOGIES, LTD.
                                           Trial Date: April 23, 2018
22              Defendants.                Judge: Hon. Kimberly J. Mueller

23  SPARTA CONSULTING, INC.,

24              Counterplaintiff,

25  v.

26  COPART, INC.

27              Counterdefendant.

28

LEWIS +
LLEWELLYN
LLP

1

2

3

4

5

Pursuant to the Court's February 8, 2018 Final Pretrial Order (Dkt. No. 349), Defendants Sparta Consulting, Inc., KPIT Infosystems, Inc. and KPIT Technologies, Ltd. (together, "Defendants") submit the following proposed final jury instructions.  Defendants will continue to meet and confer with Copart in order to narrow the instructions in dispute.  Defendants reserve the right to modify and add instructions.

6

7    Dated:  April 9, 2018                          LEWIS & LLEWELLYN LLP

8

9                                                  By:    /s/ Paul T. Llewellyn
                                                          Paul T. Llewellyn
10                                                        Attorneys for Defendant and Counterplaintiff
                                                          SPARTA CONSULTING, INC. and Defendants
11                                                        KPIT INFOSYSTEMS, INC. and KPIT
                                                          TECHNOLOGIES LTD
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

INSTRUCTION NO. 1 Liability of Corporations—Scope of Authority Not in Issue ....................... 5

INSTRUCTION NO. 2 Party Having Power to Produce Better Evidence ......................... 6

INSTRUCTION NO. 3 Deposition as Substantive Evidence ............................... 7

INSTRUCTION NO. 4 Expert Opinion ............................... 8

INSTRUCTION NO. 5 Multiple Parties ............................... 9

INSTRUCTION NO. 6 Experts – Questions Containing Assumed Facts ..................... 10

INSTRUCTION NO. 7  Alter Ego—Subsidiary as Alter Ego of Parent Corporation ..................... 12

INSTRUCTION NO. 8 Stipulations of Fact ............................... 14

INSTRUCTION NO. 9 Parties Claims ............................... 15

INSTRUCTION NO. 10 Fraudulent Inducement - Elements ..................... 18

INSTRUCTION NO. 11 Fraudulent Inducement – Reliance ..................... 19

INSTRUCTION NO. 12 Fraudulent Inducement – Reasonable Reliance ..................... 20

INSTRUCTION NO. 13 Fraud – Elements ............................... 22

INSTRUCTION NO. 14 Fraud – Duty ............................... 24

INSTRUCTION NO. 15 Fraud – Reliance ............................... 25

INSTRUCTION NO. 16  Fraud – Reasonable Reliance ..................... 26

INSTRUCTION NO. 17 Breach of Contract - Elements ..................... 28

INSTRUCTION NO. 18 Interpretation – Construction of Contract as A Whole ..................... 29

INSTRUCTION NO. 19 Copart's Claims – Implied Covenant of Good Faith and Fair Dealing ..... 31

INSTRUCTION NO. 20  Copart's Claims – Professional Negligence (Against Sparta) ................. 33

INSTRUCTION NO. 21 Copart's Claims – Professional Negligence Standard of Care ................. 36

INSTRUCTION NO. 23 Copart's Claims – Professional Negligence – Breach of Contract and Success Not Sufficient ............................... 38

INSTRUCTION NO. 24  Copart's Claims – Professional Negligence –  Alternative Strategies and Decisions ............................... 39

INSTRUCTION NO. 25 Copart's Claims – Professional Negligence – Causation ......................... 40

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

INSTRUCTION NO. 26 Claims Against Sparta, KPIT Infosystems, and KPIT Technologies ........ 41

INSTRUCTION NO. 27  Copart's Claims – Misappropriation of Trade Secrets (Against Sparta, KPIT Infosystems, and KPIT Technologies) - Essential Factual Elements ...................................... 43

INSTRUCTION NO. 28   Copart's Claims – Misappropriation of Trade Secrets (Against Sparta, KPIT Infosystems, and KPIT Technologies) - "Trade Secret" Defined ............................................. 45

INSTRUCTION NO. 29  Copart's Claims – Misappropriation of Trade Secrets (Against Sparta, KPIT Infosystems, and KPIT Technologies) – "Secret" Defined ...................................................... 46

INSTRUCTION NO. 30  Copart's Claims – Misappropriation of Trade Secrets  (Against Sparta, KPIT Infosystems, and KPIT Technologies) – "Independent Economic Value" Defined ................ 47

INSTRUCTION NO. 31   Copart's Claims – Misappropriation of Trade Secrets  (Against Sparta, KPIT Infosystems, and KPIT Technologies) –   "Reasonable Efforts To Protect Secrecy" Defined 48

INSTRUCTION NO. 32   Copart's Claims – Misappropriation of Trade Secrets  (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Misappropriation by Acquisition ............................ 50

INSTRUCTION NO. 33   Copart's Claims – Misappropriation of Trade Secrets  (Against Sparta, KPIT Infosystems, and KPIT Technologies) – "Improper Means" Defined .................................... 51

INSTRUCTION NO. 34   Copart's Claims –Computer Fraud and Abuse Act  (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Definitions ......................................................... 53

INSTRUCTION NO. 35  Copart's Claims – Computer Fraud and Abuse Act  (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Elements ......................................................... 55

INSTRUCTION NO. 36  Copart's Claims – California Computer Data Access and Fraud Act (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Definitions .................................... 58

INSTRUCTION NO. 37  Copart's Claims – California Computer Data Access and Fraud Act (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Section 2 ...................................... 60

INSTRUCTION NO. 38  Copart's Claims – California Computer Data Access and Fraud Act (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Section 7 ...................................... 62

INSTRUCTION NO. 39    Copart's Claims – California Computer Data Access and Fraud Act (Against Sparta, KPIT Infosystems, and KPIT Technologies)  No Violation If Within Scope of Employment ...................................................................................................................... 64

INSTRUCTION NO. 40 Affirmative Defense – Unclean Hands ..................................................... 66

INSTRUCTION NO. 41* Damages – Proof – Measures of Types of Damages .............................. 68

INSTRUCTION NO. 42    Damages on Multiple Legal Theories and From Multiple Parties ........... 69

INSTRUCTION NO. 43 Fraudulent Inducement, Fraud, Professional Negligence - Damages ........ 70

INSTRUCTION NO. 44  Fraudulent Inducement, Fraud, Professional Negligence - Damages ....... 71

3

INSTRUCTION NO. 45   Breach of Contract (Against Sparta)  Introduction to Contract Damages 72

INSTRUCTION NO. 46  Breach of Contract and Breach of The Implied Covenant  (Against Sparta) Damages Claimed by Copart ........................................................................................... 73

INSTRUCTION NO. 47 Mitigation of Damages ................................................................. 74

INSTRUCTION NO. 48  Limitation of Liability ................................................................. 75

INSTRUCTION NO. 49 Lost Profit Damages ..................................................................... 77

INSTRUCTION NO. 50   Copart's Claims – Misappropriation of Trade Secrets  (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Damages ................................................. 78

INSTRUCTION NO. 51   Copart's Claims – CFAA (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Damages .............................................................................................. 79

INSTRUCTION NO. 52   Copart's Claims – California Computer Data Access and Fraud Act (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Damages ...................................... 80

INSTRUCTION NO. 53   Copart's Claims – Unjust Enrichment – Damages ................................. 81

INSTRUCTION NO. 54 Sparta's Claims Against Copart ..................................................... 83

INSTRUCTION NO. 55 Sparta's Claims Against Copart ..................................................... 84

INSTRUCTION NO. 56 Sparta's Claims – Breach of Contract .......................................... 86

INSTRUCTION NO. 57 Section 15.2 ..................................................................................... 87

INSTRUCTION NO. 58 Breach of Implied Covenant of Good Faith and Fair Dealing—Essential Factual Elements .................................................................................................... 89

INSTRUCTION NO. 59 Breach of Contract (Against Copart) - Introduction to Contract Damages 91

INSTRUCTION NO. 60   Breach of Contract and Breach of The Implied Covenant  (Against Copart) – Damages Claimed by Sparta ....................................................................... 92

1

**INSTRUCTION NO. 1**

2

**Liability of Corporations—Scope of Authority Not in Issue**

3

Under the law, a corporation is considered to be a person.  It can only act through its

4

employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its

5

employees, agents, directors, and officers performed within the scope of authority.

6

7

AUTHORITY: Model 9th Cir. 4.2 (2017) – modified

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

## INSTRUCTION NO. 2

### Party Having Power to Produce Better Evidence

You may consider the ability of each party to provide evidence. If a party provided weaker evidence when it could have provided stronger evidence, you may distrust the weaker evidence.

AUTHORITY: CACI 203

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1

2

### **INSTRUCTION NO. 3**

### **Deposition as Substantive Evidence**

3

4

5

6

7

During the trial, you received deposition testimony that was read from the deposition transcript and/or shown by video. A deposition is the testimony of a person taken before trial. At a deposition the person is sworn to tell the truth and is questioned by the attorneys. You must consider the deposition testimony that was presented to you in the same way as you consider testimony given in court.

8

9

AUTHORITY: CACI 208

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2

**<u>INSTRUCTION NO. 4</u>**

**Expert Opinion**

3       Some witnesses, because of education or experience, are permitted to state opinions and the
4   reasons for those opinions.  Opinion testimony should be judged just like any other testimony.
5   You may accept it or reject it, and give it as much weight as you think it deserves, considering the
6   witness's education and experience, the reasons given for the opinion, and all the other evidence in
7   the case.

8

9   AUTHORITY: Model 9th Cir. 2.13 (2017) – modified

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

## INSTRUCTION NO. 5

### Multiple Parties

Different aspects of this case involve different parties (plaintiff and defendants, counterplaintiff and counterdefendant). Each instruction will identify the parties to whom it applies. Pay particular attention to the parties named in each instruction.

9

1

**INSTRUCTION NO. 6**

2

**Experts – Questions Containing Assumed Facts**

3

The law allows expert witnesses to be asked questions that are based on assumed facts.

4

These are sometimes called "hypothetical questions."

5

In determining the weight to give to the expert's opinion that is based on the assumed facts,

6

you should consider whether the assumed facts are true.

7

8

AUTHORITY: CACI 220

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Alter Ego Instruction

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 7**

**Alter Ego—Subsidiary as Alter Ego of Parent Corporation**

In this case, Copart claims that Sparta was the mere instrument or tool of its parent corporation, KPIT Infosystems.  Copart also claims that KPIT Infosystems was the mere instrument or tool of its parent corporation, KPIT Technologies.  The law calls this an alter ego. Should you find that Copart has proved this claim by a preponderance of the evidence, the law requires you to disregard the separate status of Sparta and hold KPIT Infosystems legally responsible for Sparta's acts, and to disregard the status of KPIT Infosystems and hold KPIT Technologies legally responsible for KPIT Infosystems' acts.

Under our free-enterprise economic system, the law permits—even encourages—people, and even other corporations, to form corporations as a way to attract stockholder investments. Parent corporations can invest their money in subsidiary enterprises without risking liability for the subsidiary's acts and transactions. In return, society gets the benefit of jobs and other commercial activity that the subsidiary's business creates. So, in most cases, the status of a subsidiary corporation as a separate legal entity apart from its parent corporation must be respected and preserved.

But this rule is not absolute, and you can disregard the separate status of a subsidiary corporation when the parent corporation uses the subsidiary as a mere tool for the purpose of evading or violating a statutory or other legal duty, or for accomplishing some fraud or other illegal purpose. To decide whether to treat Sparta as the alter ego of KPIT Infosystems or KPIT Infosystems as the alter ego of KPIT Technologies, you should consider:

1. Whether there was commingling of funds and other assets of the two entities;

2. Whether one entity held out that it is liable for the debts of the other;

3. Whether there are identical equitable ownership in the two entities;

4. Whether the two entities used the same officers and employees;

5. Whether one entity used the other one as a mere shell or conduit for the affairs of the other;

6. Whether the corporation was inadequately capitalized;

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

7. Whether there was a lack of segregation of corporate records; and

8. Whether the two entities used identical directors and officers.

You should consider all these factors. No single factor is determinative.

AUTHORITY: 11th Circuit Pattern Jury Instructions (2013); *Sonora Diamond Corp. v. Superior Court*, 83 Cal. App. 4th 523, 538-39 (2000).[1]

---

[1] Defendants maintain that no alter ego instruction is appropriate, as explained in their objections. Nevertheless, in an abundance of caution, Defendants propose the above instruction in the event the Court decides such an instruction should be given to the jury.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 8**

**Stipulations of Fact**

The parties have agreed to certain facts or I have already decided certain facts. You must therefore treat these facts as having been proven.  Those facts are:

1.   The Implementation Services Agreement between Copart and Sparta dated October 6, 2011 is a valid contract.

2.   The Design Statement of Work between Copart and Sparta dated October 6, 2011 is a valid contract.

3.   The Realization/Build Statement of Work between Copart and Sparta dated March 28, 2012 is a valid contract.

4.   The Implementation Services Agreement Amendment between Copart and Sparta dated August 16, 2013 is a valid contract.

5.   Copart has waived its right to sue for defects within the deliverables in Milestones 1 through 7.

6.   Copart cannot recover damages for Milestones 8 through 15.

AUTHORITY: Model 9th Cir. 2.2 (2017) – modified

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

# INSTRUCTION NO. 9

## Parties Claims

Copart has brought several different legal claims against Sparta, KPIT Infosystems, and KPIT Technologies.  Sparta has also brought claims against Copart.  You must consider each claim separately, even if some of the evidence is relevant to more than one claim.  Your decision on one claim should not control your verdict on any other claims.

Specifically, in its suit against Sparta, Copart brings 8 separate claims that you will need to decide:

1.  Fraudulent Inducement

2.  Fraud

3.  Breach of Contract

4.  Breach of the Implied Covenant of Good Faith and Fair Dealing

5.  Professional Negligence

6.  Misappropriation of Trade Secrets

7.  Violation of the Computer Fraud and Abuse Act

8.  Violation of the California Computer Data Access and Fraud Act

In its suit against KPIT Infosystems, Copart brings 3 separate claims that you will need to decide:

1.  Misappropriation of Trade Secrets

2.  Violation of the Computer Fraud and Abuse Act

3.  Violation of the California Computer Data Access and Fraud Act

In its suit against KPIT Technologies, Copart brings 3 separate claims that you will need to decide:

1.  Misappropriation of Trade Secrets

2.  Violation of the Computer Fraud and Abuse Act

3.  Violation of the California Computer Data Access and Fraud Act

Separately, Sparta has brought two claims against Copart:

1.  Breach of Contract

15

## 2.   Breach of the Implied Covenant of Good Faith and Fair Dealing

I will first instruct you on Copart's claims against Sparta, and then instruct you on Copart's claims against KPIT Infosystems, and KPIT Technologies. I will then instruct you on Sparta's claims against Copart. All of these claims are described in the following instructions. Each claim involves a distinct set of elements, though some elements may sound similar.

Copart can succeed on any claim against one defendant only if it proves all elements of that claim against that same defendant. For example, for Copart to succeed on a claim against Sparta, it must prove all elements of the claim against Sparta. For Copart to succeed on a claim against KPIT Infosystems, it must prove all elements of that claim against KPIT Infosystems. For Copart to succeed on a claim against KPIT Technologies, it must provide all elements of that claim against KPIT Technologies.

AUTHORITY: None; Transitional Instruction.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' Fraudulent Inducement (Against Sparta) Instructions

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 10**

**Fraudulent Inducement - Elements**

I will first instruct you on Copart's claim for fraudulent inducement against Sparta. Copart claims that Sparta fraudulently induced Copart to sign some or all of Milestone Signoffs 1 through 7 by, during the Design Phase, promising Copart that it would provide 100% Copart Auction System functionality even though none of the written contracts required it to be provided. If you do not find that Copart was fraudulently induced to sign Milestone Signoffs 1 through 7, then the Court has already found that Copart has waived Copart's right to sue for the defects within the deliverables associated with these milestones.

I will now instruct you on the law regarding fraudulent inducement. To recover damages for fraudulent inducement, Copart must prove by a preponderance of the evidence all of the following:

1.  That Sparta, during the Design Phase, promised to Copart that it would ensure 100% Copart Auction System functionality even though none of the written contracts required it to be provided;

2.  That Sparta did not intend to perform its promise when it made it;

3.  That Sparta intended that Copart rely on the promise;

4.  That Copart reasonably relied on Sparta's promise; and

5.  That Sparta did not perform the promised act;

6.  That Copart was harmed; and

7.  That Copart's reliance on Sparta's representation was a substantial factor in causing its harm.

AUTHORITY: CACI 1902 – False Promise – modified; *Engella v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 973-74 (1997); MSJ Order (Dkt. 264) at 11–12, 22–23.

**INSTRUCTION NO. 11**

**Fraudulent Inducement – Reliance**

Copart relied on Sparta's representation if:

1.  The representation substantially influenced it to sign the following Milestone Signoffs:

      a.  Milestone Signoff 1;

      b.  Milestone Signoff 2;

      c.  Milestone Signoff 3;

      d.  Milestone Signoff 4;

      e.  Milestone Signoff 5;

      f.  Milestone Signoff 6; and/or

      g.  Milestone Signoff 7;

2.  and it would probably not have signed some or all of Milestone Sign-offs 1 through 7 without the representation.

Copart's reliance on Sparta's alleged representation when signing one Milestone Signoff does not necessarily mean that Sparta's alleged representation caused Copart to sign the remaining Milestone Signoffs.  In other words, you are to consider each Milestone Signoff separately.

It is not necessary for a representation to be the only reason for Copart's conduct.


<u>AUTHORITY</u>: CACI 1907 – Reliance – modified.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1

**INSTRUCTION NO. 12**

2

**Fraudulent Inducement – Reasonable Reliance**

3      In determining whether Copart's reliance on the representation was reasonable, it must first

4 prove that the matter was material. A matter is material if a reasonable person would find it

5 important in determining his or her choice of action.

6      If you decide that the matter is material, you must then decide whether it was reasonable

7 for Copart to rely on the representation. In making this decision, take into consideration Copart's

8 intelligence, knowledge, education, and experience.

9      However, it is not reasonable for anyone to rely on a representation that is preposterous. It

10 also is not reasonable for anyone to rely on a representation if facts that are within his or her

11 observation show that it is obviously false.

12

13

14 AUTHORITY: CACI 1908 – Reliance – modified.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8

# Defendants' Fraud (Against Sparta) Instructions

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 13**

**Fraud – Elements**

I will next instruct you on Copart's claim for fraud against Sparta.  In order to find that Copart has proved its case against Sparta for fraud, it must first prove that Sparta fraudulently induced it to sign some or all of Milestone Signoffs 1 through 7.  If you do not find that Copart was fraudulently induced to sign Milestone Signoffs 1 through 7, then the Court has already found that Copart has waived Copart's right to sue for the defects within the deliverables associated with these milestones.

Only if you find that Sparta fraudulently induced Copart to sign some or all of Milestone Signoffs 1 through 7, should you then decide whether Copart has proven its claim for fraud against Sparta.  Copart claims that Sparta engaged in fraud by failing to disclose four facts to Copart:

I will now instruct you on the law regarding fraud.  To recover damages for fraud, Copart must prove by a preponderance of the evidence all of the following:

1.  That Sparta had a duty to disclose the following facts to Copart:

    a.  Sparta's assessment of risk and "scope creep" in its presentation dated February 29, 2012, which was delivered to Copart;

    b.  That Sparta copied materials from AIMOS into Sparta's own AutoEdge system;

    c.  While negotiating the Contract Amendment, Demian Esnaurrizar's opinion that the AIMOS BI Module was not functioning; and

    d.  Internal emails regarding its project team with Copart.

2.  That Sparta intentionally failed to disclose the facts to Copart that were known only to Sparta and Copart could not reasonably have discovered those facts;

3.  That Copart did not know of the concealed facts;

4.  That Sparta intended to deceive Copart by concealing the facts;

5.  That had the facts been disclosed, Copart reasonably would have behaved differently;

6.  That Copart was harmed;

7.  That Sparta's concealment was a substantial factor in causing Copart's harm.

22

AUTHORITY: CACI 1901 – Concealment – Modified; MSJ Order (Dkt. 264) at 11–12, 22–23.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 14**

**Fraud – Duty**

Sparta had a duty to disclose facts to Copart if:

1.   Sparta had sole knowledge or access to material facts and knew that such facts were not known to or reasonably discoverable by Copart; or

2.   If the facts concealed by Sparta were within its knowledge and materially qualified other statements to Copart.

A fact is material if a reasonable person would find it important in determining his or her choice of action.


AUTHORITY: MSJ Order at 20–21; *Mktg. West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal.App.4th 603, 612–13 (1992)); *Goodman v. Kennedy*, 18 Cal. 3d 335, 347 (1976); CACI 1908 – modified.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1

2

## <u>INSTRUCTION NO. 15</u>

### Fraud – Reliance

Copart relied on Sparta's concealment if:

1.  The concealment substantially influenced Copart to behave in a certain way: and

2.  Copart would probably have behaved differently without the concealment.

It is not necessary for a concealment to be the only reason for Copart's conduct.

<u>AUTHORITY</u>: CACI 1907 – Reliance – modified according to CACI 1901 Directions for Use.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 16**

**Fraud – Reasonable Reliance**

In determining whether Copart reasonably would have behaved differently had the concealed fact been disclosed, Copart must first prove that the fact was material. A fact is material if a reasonable person would find it important in determining his or her choice of action.

If you decide that the matter is material, you must then decide whether Copart reasonably would have behaved differently had the concealed fact been disclosed. In making this decision, take into consideration Copart's intelligence, knowledge, education, and experience.

However, it is not reasonable for anyone to behave in a certain way because of a concealed fact that is preposterous. It also is not reasonable for anyone to behave in a certain way if facts that are within its observation show that the concealed fact is obviously false.

AUTHORITY: CACI 1908 – Reliance – modified according to CACI 1901 Directions for Use

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' Breach of Contract (Against Sparta) Instructions

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 17**

**Breach of Contract - Elements**

I will next instruct you on Copart's claim for breach of contract against Sparta.  Copart claims that Copart and Sparta entered into the Implementation Services Agreement, which governed Sparta's work for Copart, and that Sparta later breached the Implementation Services Agreement.

To recover damages for breach of contract, Copart must first prove that it was fraudulently induced by Sparta to sign some or all of Milestone Signoffs 1 through 7.  Only if you find that Copart was fraudulently induced by Sparta to sign some or all of Milestone Signoffs 1 through 7, should you then decide whether Sparta breached the Implementation Services Agreement.  If you do not find that Copart was fraudulently induced to sign Milestone Signoffs 1 through 7, then the Court has already found that Copart has waived Copart's right to sue for the defects within the deliverables associated with these milestones.

I will now instruct you on the law regarding breach of contract.  Copart must prove by a preponderance of the evidence all of the following:

      1.   Copart and Sparta entered into the Implementation Services Agreement;

      2.   Copart did all, or substantially all, of the significant things that the contract required it to do;

      3.   All conditions required by the contract for Sparta's performance had occurred;

      4.   Sparta failed to do something that the Implementation Services Agreement required, or did something that the contract prohibited;

      5.   Copart was harmed by that failure; and

      6.   That Sparta's breach of the Implementation Services Agreement was a substantial factor in causing Copart's harm.

AUTHORITY: MSJ Order (Dkt. 264) at 11–12, 22–23; CACI 303 – modified; CACI 303 – modified.

1

2

**INSTRUCTION NO. 18**

**Interpretation – Construction of Contract as A Whole**

3

4

5

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

6

7

AUTHORITY: CACI 317

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' Breach of the Implied Covenant of Good Faith and Fair Dealing (Against Sparta) Instructions

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 19**

**Copart's Claims – Implied Covenant of Good Faith and Fair Dealing**

I will next instruct you on Copart's claim for breach of the implied covenant of good faith and fair dealing against Sparta.  In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Copart claims that Sparta violated the duty to act fairly and in good faith.

To recover damages for breach of the implied covenant of good faith and fair dealing, Copart must first prove that it was fraudulently induced by Sparta to sign some or all of Milestone Sign-offs 1 through 7.

Only if you find that Copart was fraudulently induced by Sparta to sign some or all of Milestone Sign-offs 1 through 7, should you then decide whether Sparta breached the implied covenant of good faith and fair dealing.  If you do not find that Copart was fraudulently induced to sign Milestone Signoffs 1 through 7, then the Court has already found that Copart has waived Copart's right to sue for the defects within the deliverables associated with these milestones.

I will now instruct you on the law regarding breach of the implied covenant of good faith and fair dealing.  Copart must prove by a preponderance of the evidence all of the following:

1. That Copart and Sparta entered into the Implementation Services Agreement ;
2. That Copart did all, or substantially all of the significant things that the Implementation Services Agreement required it to do or that it was excused from having to do those things;
3. That all conditions required for Sparta's performance had occurred or were excused;
4. That Sparta unfairly interfered with Copart's right to receive the benefits of the Implementation Services Agreement ; and
5. That Copart was harmed by Sparta's conduct.

AUTHORITY: MSJ Order (Dkt. 264) at 11–12, 22–23; CACI 325 – modified.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' Professional Negligence (Against Sparta) Instructions

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 20**

**Copart's Claims – Professional Negligence (Against Sparta)[2]**

I will next instruct you on Copart's claim for professional negligence against Sparta. Copart alleges that Sparta was professionally negligent by failing to provide SAP implementation services at the same level of a reasonable systems integrator under the circumstances.

To recover damages for professional negligence, Copart must first prove that it was fraudulently induced to sign some or all of Milestone Signoffs 1 through 7 by Sparta.

Only if you find that Copart was fraudulently induced by Sparta to sign some or all of Milestone Signoffs 1 through 7, should you then decide whether Sparta was professionally negligent. If you do not find that Copart was fraudulently induced to sign Milestone Signoffs 1 through 7, then the Court has already found that Copart has waived Copart's right to sue for the defects within the deliverables associated with these milestones.

I will now instruct you on the law regarding professional negligence. To establish a claim for professional negligence, Copart must prove the following by a preponderance of the evidence with respect to Sparta:

---

[2]     Defendants maintain that the economic loss rule bars Copart's professional negligence claim. *See Aas v. Sup. Ct. of San Diego*, 24 Cal. 4th 627, 632, 648 (2000) (barring construction negligence claims under the economic loss rule, and explicitly noting a lower appellate court's blithe statement that the "economic loss rule does not apply to professional negligence" is mere "dictum"); *Frank M. Booth, Inc. v. Reynolds Metals Co.*, 754 F. Supp. 1441, 1449 (E.D. Cal. 1991) ("These cases, permitting a negligence claim exclusively for economic losses, arise when there is no privity of contract between the parties and therefore no remedy under the commercial code or contract."); *Dept. of Water and Power of the City of L.A. v. ABB Power T & D Co.*, 902 F. Supp. 1178, 1188-89 (C.D. Cal. 1995) ("California Supreme Court cases are clear: the six-factor [special relationship] test should be applied only when parties are not in privity … There is simply no justification for extending potential tort liability under the six-factor test to commercial parties that have negotiated their own contractual obligations."); *Oracle USA, Inc. v. XL Glob. Servs., Inc.*, No. C 09-00537 MHP, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009) (applying the economic loss doctrine because there was "no conduct at issue which is independent from the various promises made by the parties in the course of their contractual relationship"); *Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009) (barring claim under economic loss rule because "the damages plaintiffs seek" as relief for their tort claim "the same economic losses arising from the alleged breach of contract (i.e. loss of commissions)"). Since Copart's professional negligence claim is barred, Copart should not be permitted to pursue this claim and no instruction should be required. Defendants propose the instructions here in the event the Court disagrees, and determines that the jury should be instructed on professional negligence.

1. Sparta owed a duty to Copart, independent of the contract, to use the skill and care that a reasonably careful systems integrator would have used in similar circumstances.

2. Sparta failed to use the skill and care that a reasonably careful systems integrator would have used in similar circumstances.

3. Sparta's alleged failure to use such skill and care caused Copart to suffer an actual, quantifiable injury.

You may only find that Sparta was professionally negligent if Copart proves that the allegedly negligent conduct harmed Copart above-and-beyond any alleged injury it suffered as a result of the alleged breach of contract.

AUTHORITY:  MSJ Order (Dkt. 264) at 11–12, 22–23; BAJI 6.37.5 ("The essential elements of this claim are: 1. The (professional) was negligent; and 2. This negligence was a cause of damage and loss to the plaintiff."); *Budd v. Nixen*, 6 Cal. 3d 195, 200 (1971) ("The elements of a cause of action in tort for professional negligence are (1) the duty of the professional to use such skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and the resulting injury; and (4) actual loss or damage resulting from the professional's negligence."); *Aas v. Sup. Ct. of San Diego*, 24 Cal. 4th 627, 632, 648 (2000) (barring construction negligence claims under the economic loss rule, and explicitly noting a lower appellate court's blithe statement that the "economic loss rule does not apply to professional negligence" is mere "dictum"); *Frank M. Booth, Inc. v. Reynolds Metals Co.*, 754 F. Supp. 1441, 1449 (E.D. Cal. 1991) ("These cases, permitting a negligence claim exclusively for economic losses, arise when there is no privity of contract between the parties and therefore no remedy under the commercial code or contract."); *Oracle USA, Inc. v. XL Glob. Servs., Inc.*, No. C 09-00537 MHP, 2009 WL 2084154, at *4 (N.D. Cal. July 13, 2009) (applying the economic loss doctrine because there was "no conduct at issue which is independent from the various promises made by the parties in the course of their contractual relationship"); *Multifamily Captive Group, LLC v. Assurance Risk Managers, Inc.*, 629 F. Supp. 2d 1135, 1146 (E.D. Cal. 2009) (barring claim under economic loss rule because "the

34

damages plaintiffs seek" as relief for their tort claim "the same economic losses arising from the alleged breach of contract (i.e. loss of commissions)").

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 21**

**Copart's Claims – Professional Negligence Standard of Care**

You may find Sparta negligent only if it failed to use the skill and care that a reasonably careful systems integrator would have used in similar circumstances. This level of skill, knowledge, and care is sometimes referred to as "the standard of care."  You must determine the level of skill and care that a reasonably careful systems integrator would use in similar circumstances based only on the testimony of the expert witnesses, James Mottern and LaBaron Hartfield, who have testified in this case.


AUTHORITY: CACI 600 (modified); *see also Quigley v. McClellan*, 214 Cal. App. 4th 1276, 1283 (2013) ("To establish a [professional] malpractice claim, a plaintiff is required to present expert testimony establishing the appropriate standard of care in the relevant community.").

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 22**

**Affirmative Defense – Comparative Negligence**

Sparta claims that Copart's own negligence contributed to its harm.  To success on this claim, Sparta must prove both of the following:

    1.  That Copart was negligent; and

    2.  That Copart's negligence was a substantial factor in causing its harm.

If Sparta proves the above, Copart's damages are reduced by your determination of the percentage of Sparta's responsibility.  I will calculate the actual reduction.

AUTHORITY: CACI 405

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

## INSTRUCTION NO. 23

### Copart's Claims – Professional Negligence – Breach of Contract and Success Not Sufficient

A systems integrator is not necessarily negligent just because its efforts are unsuccessful or it makes an error that was reasonable under the circumstances. A systems integrator is negligent only if it was not as skillful, knowledgeable, or careful as another reasonable systems integrator would have been in similar circumstances.

Additionally, a mere breach of contract is not enough to establish professional negligence. You must independently determine whether Sparta exercised the skill and care of a systems integrator under the circumstances.


AUTHORITY: CACI 601 – modified; *Morn v. Am. Messaging Servs., LLC*, No. SACV 14–1635–DOC (RNBx), 2014 WL 12660529, at *3 (C.D. Cal. Nov. 18, 2014) ("'Conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from principles of tort law.'").

1

**INSTRUCTION NO. 24**

2

**Copart's Claims – Professional Negligence –**
**Alternative Strategies and Decisions**

3

4        A systems integrator is not necessarily negligent just because it chooses a strategy or makes

5    a decision and it turns out that another strategy or decision would have been a better choice.

6

7    SOURCE: CACI 603 (modified).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1

**INSTRUCTION NO. 25**

2

**Copart's Claims – Professional Negligence – Causation**

3

 You may find that Sparta's alleged negligence caused injury to Copart only if you find that,

4

but for, or in the absence of this alleged negligence, Copart would have obtained a more favorable

5

result.

6

7

8

AUTHORITY: BAJI 6.37.5 (modified); *see also Viner v. Sweet*, 30 Cal. 4th 1232, 1244 (2003)

9

(adopting but-for test for professional negligence cases).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 26**

**Claims Against Sparta, KPIT Infosystems, and KPIT Technologies**

Copart has also alleged certain claims against Sparta, KPIT Infosystems, and KPIT Technologies.  I will now instruct you on the claims alleged against all three entities.  These claims are described in the following instructions.  Each claim involved a distinct set of elements, though some elements may sound similar.

Copart can succeed on any claim only if it proves all elements of that claim as to each defendant.  If you find that Copart has proven all of the elements against one defendant, you must separately determine whether Copart has proven all of the elements against each of the other defendants.

AUTHORITY: None; Transitional Instruction.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' Misappropriation of Trade Secrets (Against Sparta, KPIT Infosystems, and KPIT Technologies) Instructions

**INSTRUCTION NO. 27**

**Copart's Claims – Misappropriation of Trade Secrets (Against Sparta, KPIT Infosystems, and KPIT Technologies) - Essential Factual Elements**

Copart also claims that Sparta, KPIT Infosystems, and KPIT Technologies misappropriated its trade secrets.  To succeed on this claim as to Sparta, Copart must prove all of the following by a preponderance of the evidence:

 1.   That Copart owned the ZCL Imaging code that it contends is a trade secrets;

 2.   That the ZCL Imaging code was a trade secret at the time of the misappropriation;

 3.   That Sparta improperly used the ZCL Imaging code;

 4.   That Copart was harmed; and

 5.   That Sparta's use was a substantial factor in causing Copart harm.

To succeed on this claim as to KPIT Infosystems, Copart must prove all of the following by a preponderance of the evidence:

 1.   That Copart owned the ZCL Imaging code that it contends is a trade secrets;

 2.   That the ZCL Imaging code was a trade secret at the time of the misappropriation;

 3.   That KPIT Infosystems improperly used the ZCL Imaging code;

 4.   That Copart was harmed; and

 5.   That KPIT Infosystems' use was a substantial factor in causing Copart harm.

To succeed on this claim as to KPIT Technologies, Copart must prove all of the following by a preponderance of the evidence:

 1.   That Copart owned the ZCL Imaging code that it contends are trade secrets;

 2.   That these ZCL Imaging code was a trade secret at the time of the misappropriation;

 3.   That KPIT Technologies improperly used the ZCL Imaging code;

 4.   That Copart was harmed; and

 5.   That KPIT Technologies' use was a substantial factor in causing Copart harm.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

AUTHORITY:  CACI 4401 – modified.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

## INSTRUCTION NO. 28

**Copart's Claims – Misappropriation of Trade Secrets (Against Sparta, KPIT Infosystems, and KPIT Technologies) - "Trade Secret" Defined**

To prove that the ZCL Imaging code was a trade secret, Copart must prove all of the following by a preponderance of the evidence:

1.  That the ZCL Imaging code was secret;

2.  That ZCL Imaging code had actual or potential independent economic value because it was secret; and

3.  That Copart made reasonable efforts to keep the ZCL Imaging code secret.

AUTHORITY:  CACI 4402

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 29**

**Copart's Claims – Misappropriation of Trade Secrets (Against Sparta, KPIT Infosystems, and KPIT Technologies) – "Secret" Defined**

To prove that the ZCL Imaging code was secret, Copart must show by a preponderance of the evidence that the ZCL Imaging code was not generally known in the field or readily ascertainable by proper means by those skilled in the art at the time of the alleged misappropriation.  In general, information is readily ascertainable if it can be obtained, discovered, developed, reverse-engineered, or compiled without significant difficulty, effort, or expense.

AUTHORITY:  CACI 4403; *Waymo v. Uber Techs. Inc.*, Case No. 17-cv-00939, Dkt. 2449

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 30**

**Copart's Claims – Misappropriation of Trade Secrets
(Against Sparta, KPIT Infosystems, and KPIT Technologies) –
"Independent Economic Value" Defined**

A trade secret has independent economic value if it would have given the owner an actual or potential business advantage over others who did not know the code and who could have obtained economic value from its use.  In determining whether the ZCL Imaging code had actual or potential independent economic value because it was secret, you may consider the following:

1.   The extent to which Copart obtained or could have obtained economic value from the ZCL Imaging code in keeping it secret;

2.   The extent to which others could have obtained economic value from the ZCL Imaging code if it were not secret;

3.   The amount of time, money, or labor that Copart expended in developing the ZCL Imaging code; and

4.   The amount of time, money, or labor, if any, that Sparta, KPIT Infosystems, or KPIT Technologies saved by using the ZCL Imaging code.

The presence or absence of any one or more of these factors is not necessarily determinative.

AUTHORITY:  CACI 4412; *Waymo v. Uber Techs. Inc.*, Case No. 17-cv-00939, Dkt. 2449

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 31**

**Copart's Claims – Misappropriation of Trade Secrets
(Against Sparta, KPIT Infosystems, and KPIT Technologies) –
"Reasonable Efforts To Protect Secrecy" Defined**

Reasonable efforts to keep the ZCL Imaging code secret are the efforts that would have been made by a reasonable business in the same situation with the same knowledge and resources as the alleged owner, exercising due care to protect important information of the same kind.  This requirement applies separately to each item that claimed to be a trade secret.

In determining whether or not the owner made reasonable efforts to keep the ZCL Imaging code secret, the following factors should be considered, among any other factors pertinent to the issue:

1.   Whether the ZCL Imaging code was marked with confidentiality warnings;

2.   Whether Copart instructed its employees to treat the ZCL Imaging code as confidential;

3.   Whether Copart unreasonably over-classified ZCL Imaging code as confidential such that employees might be unsure of what genuinely needed confidentiality;

4.   Whether Copart restricted access to the ZCL Imaging code to persons who had a business reason to know the information;

5.   Whether Copart kept the ZCL Imaging code in a restricted or secured area;

6.   Whether Copart required employees or others with access to the ZCL Imaging code to sign confidentiality or nondisclosure agreements;

7.   Whether Copart took any action to protect the ZCL Imaging code, or whether it relied on general measures taken to protect its information or assets;

8.   The extent to which any general measures taken by Copart would prevent the unauthorized disclosure of the ZCL Imaging code; and

9.   Whether there were other reasonable measures available to Copart that it did not take.

The presence or absence of any one or more of these factors is not necessarily determinative.

48

AUTHORITY:  CACI 4404; *Waymo v. Uber Techs. Inc.*, Case No. 17-cv-00939, Dkt. 2449

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1

**INSTRUCTION NO. 32**

2

**Copart's Claims – Misappropriation of Trade Secrets**

3

**(Against Sparta, KPIT Infosystems, and KPIT Technologies) –**
**Misappropriation by Acquisition**

4

     Sparta misappropriated Copart's trade secret by acquisition if Sparta acquired the trade secret

5

and knew or had reason to know that it used improper means to acquire it.

6

7

SOURCE:  CACI 4405.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1

**INSTRUCTION NO. 33**

2

**Copart's Claims – Misappropriation of Trade Secrets**
**(Against Sparta, KPIT Infosystems, and KPIT Technologies) –**

3

**"Improper Means" Defined**

4

Improper means of acquiring a trade secret or knowledge of a trade secret include, but are

5

not limited to, theft, misrepresentation, and breach or inducing a breach of a duty to maintain

6

secrecy.  It is not improper, however, to acquire a trade secret or knowledge of the trade secret by

7

independent efforts to invent or discover the information or obtaining the information as a result of

8

a license agreement with the owner of the information.

9

10

AUTHORITY:  CACI 4408; *Waymo v. Uber Techs. Inc.*, Case No. 17-cv-00939, Dkt. 2449

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' CFAA Instructions

## INSTRUCTION NO. 34

### Copart's Claims –Computer Fraud and Abuse Act
### (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Definitions

Copart also alleges that Sparta, KPIT Infosystems, and KPIT Technologies violated section 1030(a)(2)(C) of the Federal Computer Fraud and Abuse Act ("CFAA").  The CFAA is an anti-hacking statute that should be applied narrowly and is intended to prohibit only computer hacking, not the general unauthorized use of information obtained from a computer.

For the purposes of assessing Copart's claim under the CFAA, the following terms have the following meanings:

1.  A person who accesses a computer "without authorization" accesses a computer without having received permission to use the computer for any purpose, such as when a hacker accesses someone's computer without any permission.

2.  A person who "exceeds authorized access" access a computer with authorization and uses such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter.

3.  "Loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

4.  "Person" includes any individual, firm, corporation, or other entity.

AUTHORITY:  18 U.S.C. § 1030 *et seq.*; *United States v. Nosal*, 676 F.3d 854, 858 (9th Cir. 2012) (*en banc*) ("The government agrees that the CFAA was concerned with hacking . . . ."); *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1130 (9th Cir. 2009) ("The act was originally designed to target hackers who accessed computers to steal information or to disrupt or destroy computer functionality, as well as criminals who possessed the capacity to 'access and control high technology processes vital to our everyday lives . . . .'" and defining "without authorization" as "when the person has not received permission to use the computer for any purpose (such as when a

53

hacker accesses someone's computer without any permission).").

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 35**

### Copart's Claims – Computer Fraud and Abuse Act
### (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Elements

To establish a claim under section 1030(a)(2)(C) of the CFAA against Sparta, Copart must prove all of the following by a preponderance of the evidence:

1. Sparta intentionally accessed a computer without authorization or exceeded authorized access;

2. Through such access, Sparta obtained information from the computer;

3. The computer from which Sparta obtained information by intentionally accessing without authorization or by intentionally exceeding authorized access, was used in or affected interstate or foreign commerce or communication; and

4. Sparta's such access and obtainment of information caused loss to Copart totaling at least $5,000 during any one-year period.

If you find that Sparta believed it had authorization to access Copart's computer, then you must find that Sparta did not violate the CFAA.

To establish a claim under section 1030(a)(2)(C) of the CFAA against KPIT Infosystems, Copart must prove all of the following by a preponderance of the evidence:

1. KPIT Infosystems intentionally accessed a computer without authorization or exceeded authorized access;

2. Through such access, KPIT Infosystems obtained information from the computer;

3. The computer from which KPIT Infosystems obtained information by intentionally accessing without authorization or by intentionally exceeding authorized access, was used in or affected interstate or foreign commerce or communication; and

4. KPIT Infosystems' such access and obtainment of information caused loss to Copart totaling at least $5,000 during any one-year period.

If you find that KPIT Technologies believed it had authorization to access Copart's computer, then you must find that KPIT Technologies did not violate the CFAA.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

To establish a claim under section 1030(a)(2)(C) of the CFAA against KPIT Technologies, Copart must prove all of the following by a preponderance of the evidence:

1.   KPIT Technologies intentionally accessed a computer without authorization or exceeded authorized access;

2.   Through such access, KPIT Technologies obtained information from the computer;

3.   The computer from which KPIT Technologies obtained information by intentionally accessing without authorization or by intentionally exceeding authorized access, was used in or affected interstate or foreign commerce or communication; and

4.   KPIT Technologies' such access and obtainment of information caused loss to Copart totaling at least $5,000 during any one-year period.

If you find that KPIT Technologies believed it had authorization to access Copart's computer, then you must find that KPIT Technologies did not violate the CFAA.

AUTHORITY:  18 U.S.C. § 1030 *et seq.*; *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1130 (9th Cir. 2009); *Oracle v. Rimini Street*, Case No. 2:10-cv-00106 (D. Nev.), ECF No. 880;

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' CDAFA Instructions

**INSTRUCTION NO. 36**

**Copart's Claims – California Computer Data Access and Fraud Act
(Against Sparta, KPIT Infosystems, and KPIT Technologies) – Definitions**

Copart also contends that Sparta, KPIT Infosystems, and KPIT Technologies violated two provisions of California Penal Code Section 502, known as the California Computer Data Access and Fraud Act.  I will refer to the California Computer Data Access and Fraud Act as "CDAFA."  The CDAFA is an anti-hacking statute that should be applied narrowly and is intended to prohibit only computer hacking, not the general unauthorized use of information obtained from a computer.

For the purposes of assessing Copart's CDAFA claim, the following terms have the following meanings:

1.      "Access" means to gain entry to, instruct, or communicate with the logical, arithmetical, or memory function resources of a computer, computer system, or computer network.

2.      "Computer network" means any system that provides communications between one or more computer systems and input/output devices.

3.      "Computer program or software" means a set of instructions or statements, and related data, that when executed in actual or modified form, cause a computer, computer system, or computer network to perform specified functions.

4.      "Computer services" includes, but is not limited to, computer time, data processing, or storage functions, or other uses of a computer, computer system, or computer network.

5.      "Data" means a representation of information, knowledge, facts, concepts, computer software, computer programs or instructions. Data may be in any form, in storage media, or as stored in the memory of the computer or in transit or presented on a display device.

6.      "Supporting documentation" includes, but is not limited to, all information, in any form, pertaining to the design, construction, classification, implementation, use, or modification of a computer, computer system, computer network, computer program, or computer software, which information is not generally available to the public and is necessary for the operation of a computer, computer system, computer network, computer program, or computer software.

AUTHORITY: Cal. Penal Code § 502(a); *Chrisman v. City of Los Angeles*, 155 Cal. App. 4th 29, 35

58

(2007) (no liability under CDAFA when "[o]ne cannot reasonably describe appellant's improper computer inquiries … as hacking").

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 37**

**Copart's Claims – California Computer Data Access and Fraud Act
(Against Sparta, KPIT Infosystems, and KPIT Technologies) – Section 2**

To establish a claim under section 502(c)(2) of the CDAFA against Sparta, Copart must prove all of the following by a preponderance of the evidence:

1. Sparta knowingly accessed data;

2. Sparta without permission either (a) took, copied or made use of the data from a computer, computer system, or computer network or (b) took or copied any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network; and

3. Copart suffered damage or loss thereby.

If you find that Sparta believed it had authorization to access Copart's computer, then you must find that Sparta did not violate the CDAFA.

To establish a claim under section 502(c)(2) of the CDAFA against KPIT Infosystems, Copart must prove all of the following by a preponderance of the evidence:

1. KPIT Infosystems knowingly accessed data;

2. KPIT Infosystems without permission either (a) took, copied or made use of the data from a computer, computer system, or computer network or (b) took or copied any supporting documentation, whether existing or residing internal or external to a computer, computer system, or computer network; and

3. Copart suffered damage or loss thereby.

If you find that KPIT Infosystems believed it had authorization to access Copart's computer, then you must find that KPIT Infosystems did not violate the CDAFA.

To establish a claim under section 502(c)(2) of the CDAFA against KPIT Technologies, Copart must prove all of the following by a preponderance of the evidence:

1. KPIT Technologies knowingly accessed data;

2. KPIT Technologies without permission either (a) took, copied or made use of the data from a computer, computer system, or computer network or (b) took or copied any supporting

documentation, whether existing or residing internal or external to a computer, computer system, or computer network; and

3. Copart suffered damage or loss thereby.

If you find that KPIT Technologies believed it had authorization to access Copart's computer, then you must find that KPIT Technologies did not violate the CDAFA.

AUTHORITY: Cal. Penal Code § 502(c)(2); *United States v. Christensen*, 828 F.3d 763, 789 (9th Cir. 2015); *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 962 (9th Cir. 2018).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 38**

**Copart's Claims – California Computer Data Access and Fraud Act
(Against Sparta, KPIT Infosystems, and KPIT Technologies) – Section 7**

To establish a claim under section 502(c)(7) of the CDAFA against Sparta, Copart must prove all of the following by a preponderance of the evidence:

    1.  Sparta accessed or caused to be accessed any computer, computer system, or computer network;

    2.  Sparta did this knowingly and without permission; and

    3.  Copart suffered damage or loss by reason of this violation.

If you find that Sparta believed it had authorization to access Copart's computer, then you must find that Sparta did not violate the CDAFA.

To establish a claim under section 502(c)(7) of the CDAFA against KPIT Infosystems, Copart must prove all of the following by a preponderance of the evidence:

    2.  KPIT Infosystems accessed or caused to be accessed any computer, computer system, or computer network;

    3.  KPIT Infosystems did this knowingly and without permission; and

    4.  Copart suffered damage or loss by reason of this violation.

If you find that Sparta believed it had authorization to access Copart's computer, then you must find that KPIT Infosystems did not violate the CDAFA.

To establish a claim under section 502(c)(7) of the CDAFA against KPIT Technologies, Copart must prove all of the following by a preponderance of the evidence:

    5.  KPIT Technologies accessed or caused to be accessed any computer, computer system, or computer network;

    6.  KPIT Technologies did this knowingly and without permission; and

    7.  Copart suffered damage or loss by reason of this violation.

If you find that Sparta believed it had authorization to access Copart's computer, then you must find that KPIT Technologies did not violate the CDAFA.

AUTHORITY: Cal. Penal Code § 502(c)(7); *Oracle USA, Inc. v. Rimini St., Inc.*, 879 F.3d 948, 962 (9th Cir. 2018).

**INSTRUCTION NO. 39**

**Copart's Claims – California Computer Data Access and Fraud Act
(Against Sparta, KPIT Infosystems, and KPIT Technologies)
No Violation If Within Scope of Employment**

If you find that Sparta, KPIT Infosystems, and KPIT Technologies were acting within the scope of their employment, you may not find that they violated the CDAFA.  A company acts within the scope of its employment when its performs acts which are reasonably necessary to the performance of its work assignment.  Showing that Sparta, KPIT Infosystems, or KPIT Technologies violated the terms of an agreement between Copart and Sparta does not determine whether Sparta, KPIT Infosystems, and KPIT Technologies acted within the scope of their employment.

AUTHORITY: Cal. Penal Code § 502(h)(1); *Chrisman v. City of Los Angeles*, 155 Cal. App. 4th 29, 36 (2007)

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' Affirmative Defenses

# INSTRUCTION NO. 40

### Affirmative Defense – Unclean Hands

Copart is barred from asserting its breach of contract or breach of implied covenant of good faith and fair dealing claims against Sparta if Copart came into Court with "unclean hands."

To establish that Copart has "unclean hands," Sparta must demonstrate:

1. Copart engaged in inequitable conduct;

2. Copart's conduct directly relates to the breach of contract or breach of implied covenant of good faith and fair dealing claims against Sparta; and

3. Copart's conduct injured Sparta.

AUTHORITY:  *Survivor Prods. LLC v. Fox Broad. Co.*, No. CV01-3234 LGB (SHX), 2001 WL 35829270, at *3 (C.D. Cal. June 12, 2001); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Copart's Damages (Defendants' Instructions)

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

### **INSTRUCTION NO. 41*[3]**

### **Damages – Proof – Measures of Types of Damages**

I will now instruct you on the potential damages that you can award Copart for its claims against Sparta, KPIT Infosystems, and KPIT Technologies.  It is the duty of the court to instruct you about the measure of damages.  By instructing you on damages, the court does not mean to suggest for which party your verdict should be rendered.

If you find for Copart on its claims against Sparta, KPIT Technologies, or KPIT Infosystems, you must determine the Copart's damages from Sparta, KPIT Technologies, or KPIT Infosystems.  If you find for Sparta, you must determine Sparta's damages from Copart.

Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury or loss you find was caused by the defendants.   It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

AUTHORITY: Judge Mueller's Standard Civil Jury Instructions – modified; Model 9th Cir. 5.1 & 5.2 – modified

---

[3]      An asterisk (*) has been placed next to each jury instruction that is from Judge Mueller's Standard Civil Jury Instructions.

**INSTRUCTION NO. 42**

**Damages on Multiple Legal Theories and From Multiple Parties**

The amount of damages you may award may be different depending on which claim is involved and which defendant is involved.  Copart, however, is entitled to recover on each category of damages only once.  This means that Copart cannot recover for the same category of damages multiple times even if it is theoretically possible to recover for that category of damages under two or more claims.  Similarly, Copart cannot recover the same damages from Sparta, KPIT Infosystems, and KPIT Technologies.  You must fill in the verdict form so that Copart only gets only one award for each category of damages, if any.

Similarly, Sparta is entitled to recover on each category of damages only once, even if it is possible to recover for that category of damages under both of its claims.  So you must decide what damages are due on each claim for which you find Copart liable, if any, and fill in the verdict form so that Sparta only gets one award for each category of damages.

AUTHORITY: CACI 3934 – modified; *Chopourian v. Catholic Healthcare West*, Case No. 2:09-cv-02972-KJM (Dkt. 284, Jury INSTRUCTION NO.  41, Feb. 24, 2012)

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 43**

**Fraudulent Inducement, Fraud, Professional Negligence - Damages**

If you decide that Copart has proved its claim against Sparta for fraudulent inducement, fraud, or professional negligence, you also must decide how much money will reasonably compensate Sparta for the harm.

The amount of damages must include an award for each item of harm that was caused by Sparta's wrongful conduct, even if the particular harm could not have been anticipated.  However, you must still find that Sparta's actions was the cause of Copart's damages.

Copart does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, there must be a reasonable basis for computing Copart's loss and you must not speculate or guess in awarding damages.

AUTHORITY: CACI 3901 – Introduction to Tort Damages – Liability Contested – modified; CACI 3903N – Lost Profits (Economic Damage) – modified.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 44**

**Fraudulent Inducement, Fraud, Professional Negligence - Damages**

The following are the specific items of damages claimed by Copart for its Fraudulent Inducement, Fraud, Professional Negligence claim:

1.  Payments to Sparta for Milestones 1 through 7;

2.  Payments to companies or individuals other than Sparta for work on the AIMOS Project;

3.  The value of Copart's internal labor;

4.  The amount of Copart's internal expenses;

5.  Copart's profits in Germany and Spain that it allegedly lost as a result of Sparta's breach of the contract.  I will provide further instruction as to Copart's ability to recover damages for its profits in Germany and Spain

Copart cannot recover damages for Milestones 8 through 15 or damages based on the completed AIMOS project.

AUTHORITY: CACI 3902 – modified; MSJ Order (Dkt. 264) at 12–13.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 45**

**Breach of Contract (Against Sparta)**
**Introduction to Contract Damages**

If you decide that Copart has proved its claim against Sparta for breach of contract or breach of the implied covenant of good faith and fair dealing, you also must decide how much money will reasonably compensate Copart for the harm caused by the breach. The purpose of such damages is to put Copart in as good a position as it would have been if Sparta had performed as promised.

To recover damages for any harm, Copart must prove that when the contract between it and Sparta was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Copart also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

AUTHORITY: CACI 350 – modified; CACI 3903 – modified.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

## INSTRUCTION NO. 46

**Breach of Contract and Breach of The Implied Covenant
(Against Sparta) Damages Claimed by Copart**

The following are the specific items of damages claimed by Copart for its breach of contract and breach of the implied covenant of good faith and fair dealing claims:

1.  Payments to Sparta for Milestones 1 through 7;

2.  Payments to companies or individuals other than Sparta for work on the AIMOS Project;

3.  The value of Copart's internal labor;

4.  The value of Copart's internal expenses; and

5.  Copart's profits in Germany and Spain that it allegedly lost as a result of Sparta's breach of the contract.  I will provide further instruction as to Copart's ability to recover damages for its profits in Germany and Spain.

Copart cannot recover damages for Milestones 8 through 15 or damages based on the completed AIMOS project.

AUTHORITY: CACI 3903 – modified; MSJ Order (Dkt. 264) at 12–13.

**INSTRUCTION NO. 47**

**Mitigation of Damages**

If you find that Sparta is liable for damages to Copart, Copart is not entitled to recover damages for harm that Sparta proves Copart could have avoided with reasonable efforts or expenditures. You should consider the reasonableness of Copart's efforts in light of the circumstances facing it at the time, including its ability to make the efforts or expenditures without undue risk or hardship.

If Copart made reasonable efforts to avoid harm, then your award should include reasonable amounts that it spent for this purpose.

AUTHORITY: CACI 358 – modified.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 48**

**Limitation of Liability**

Section 18 of the Implementation Services Agreement between Copart and Sparta imposes Limitations of Liability on the parties.  This provision limits the amount of money that Copart can recover.

You shall not award any damages for lost profits against Sparta unless you find Sparta that Sparta did both of the following:

    1.  Breached the Implementation Services Agreement, and

    2.  Was grossly negligent, committed willful misconduct, or willfully breached the Implementation Services Agreement.

Gross negligence is an extreme departure from the ordinary standard of conduct.

Willful misconduct is the intentional doing of an act with knowledge that serious injury is a probable, as distinguished from a possible, result.

Willful breach is the intentional failure to perform obligations under a contract with knowledge that serious injury is a probable, as distinguished from a possible, result, or the intentional failure to perform obligations under a contract with a wanton and reckless disregard of the consequences.

Finally, in no event shall you award damages of any type that exceed the greater of (a) $5,000,000 or (b) amounts actually paid or payable by Copart to Sparta pursuant to the ISA.

AUTHORITY: Implementation Services Agreement § 18; *City of Santa Barbara v. Superior Court*, 41 Cal. 4th 747, 754 (2007) (citing cases) (defining gross negligence); *Ewing v. Cloverleaf Bowl*, 20 Cal. 3d 389, 402 (1978) (citations omitted (defining willful misconduct); *Foley v. Interactive Data Corp.*, 47 Cal. 3d 654, 699 (1988) (defining willful breach); *Carson v. Mercury Ins. Co.*, 210 Cal. App. 4th 409, 420 (2012)(In California, "[a]n interpretation which gives effect to all provisions of the contract is preferred to one which renders part of the writing superfluous, useless or inexplicable."); *Zurich Specialties London Ltd. v. Bickerstaff, Whatley, Ryan & Burkhalter, Inc.*, 650 F. Supp. 2d 1064, 1070 (C.D. Cal. 2009), aff'd, 425 F. App'x 554 (9th Cir.

2011) ("California law is clear that the phrase 'arising out of' broadly links a factual situation with the event creating liability, and connotes only a minimal causal connection or incidental relationship.")

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

# INSTRUCTION NO. 49

## Lost Profit Damages

If you find that Sparta breached the Implementation Services Agreement and was grossly negligent, committed willful misconduct, or willfully breached the ISA, you must consider whether Copart has proven that it is owed damages for lost profits that it contends it would have earned in Spain and Germany.  To prove that it lost profits, Copart must prove it is reasonably certain it would have earned profit but for Sparta's conduct.

To decide the amount of damages for lost profits you must determine the gross amount Copart would have received but for Sparta's conduct and then subtract from that amount the expenses that Copart would have had if Sparta's conduct not occurred.

The amount of the lost profit need not be calculated with mathematical precision, but there must be a reasonable basis for computing the loss.  You must not speculate or guess in awarding damages.

AUTHORITY: CACI 3901 – Introduction to Tort Damages – Liability Contested – modified; CACI 3903N – Lost Profits (Economic Damage) – modified.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

# INSTRUCTION NO. 50

**Copart's Claims – Misappropriation of Trade Secrets**
**(Against Sparta, KPIT Infosystems, and KPIT Technologies) – Damages**

     If you find that Sparta, KPIT Infosystems, or KPIT Technologies misappropriated trade secrets, you need not determine damages.  I will calculate the amount owed to Copart by Sparta, KPIT Infosystems, or KPIT Technologies, if any such amount exists.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**<u>INSTRUCTION NO. 51</u>**

**Copart's Claims – CFAA (Against Sparta, KPIT Infosystems, and KPIT Technologies) –
Damages**

If you find that Sparta violated the Computer Fraud and Abuse Act section described in these instructions, you may award Copart damages that Sparta caused to it. These damages may only consist of:

    1.    Costs of responding to the violation;

    2.    Costs of conducting a damage assessment; and/or

    3.    Costs of investigating the violation.

    It is Copart's burden to prove its damages by a preponderance of the evidence.

AUTHORITY: 18 U.S.C. § 1030 *et seq.*; *Farmers Ins. Exch. v. Steele Ins. Agency, Inc.*, No. 2:13-CV-00784-MCE, 2013 WL 3872950, at *21 (E.D. Cal. July 25, 2013).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 52**

**Copart's Claims – California Computer Data Access and Fraud Act (Against Sparta, KPIT Infosystems, and KPIT Technologies) – Damages**

If you find that Sparta violated the California Computer Data Access and Fraud Act, you may award damages to Copart.  These damages shall include amounts sufficient to compensate Copart for the harm it suffered as a result of any violations, including any expenditure reasonably and necessarily incurred to verify that their computers, computer systems, computer networks, and/or data was or was not altered, damaged, or deleted by the access.

AUTHORITY: Cal. Penal Code § 502(e)(1)

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 53**

**Copart's Claims – Unjust Enrichment – Damages**

Copart alleges that Sparta was unjustly enriched by receiving payments from Copart without providing agreed-upon services in return.  You may find that Sparta was unjustly enriched if it was paid for services that it failed to provide.  To decide the amount of any unjust enrichment, first determine the value of payments Sparta received for services it did not provide. Then subtract from that amount Sparta's reasonable expenses, including the value of labor, materials, and other investments.

AUTHORITY: CACI 4410 (modified).[4]

---

[4] Defendants maintain that unjust enrichment is not a cognizable claim for relief under California law and the jury should not be instructed on it.  *See Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."); *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) ("The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so."); *Hall v. Mortg. Inv'rs Grp.*, No. 2:11-CV-00952-JAM, 2011 WL 4374995, at *6 (E.D. Cal. Sept. 19, 2011) ("As Defendants correctly point out, many California courts have made clear that 'unjust enrichment is not a cause of action.'"); *Walker v. GEICO Gen. Ins. Co.*, No. 2:06 CV 1703 MCE DAD, 2007 WL 499660, at *4 (E.D. Cal. Feb. 12, 2007) (same), *aff'd*, 558 F.3d 1025 (9th Cir. 2009); *Sacramento E.D.M., Inc. v. Hynes Aviation Indus.*, No. 2:13-CV-0288-KJN, 2017 WL 1383289, at *20 (E.D. Cal. Apr. 18, 2017) (same).  Defendants propose the above instruction in the event the Court rules that a jury should consider this claim.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Sparta's Claims (Defendants' Instructions)

**INSTRUCTION NO. 54**

**Sparta's Claims Against Copart**

I have just read you the instructions that apply to Copart's claims against Sparta, KPIT Infosystems, and KPIT Technologies.

I will now read you the jury instructions that apply to Sparta's claims against Copart. Sparta has brought two different legal claims against Copart. You must consider each claim separately, even if some of the evidence is relevant to more than one claim. Your decision on one claim should not control your verdict on any other claims.

AUTHORITY: None; Transitional Instruction.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 55**

**Sparta's Claims Against Copart**

Specifically, in its suit against Copart, Sparta brings 2 separate claims:

1.   Breach of Contract

2.   Breach of the Implied Covenant of Good Faith and Fair Dealing

I will now instruct you on Sparta's claims against Copart.  These claims are described in the following instructions.  Each claim involved a distinct set of elements, though some elements may sound similar.

Sparta can succeed on any claim only if it proves all elements of that claim.


AUTHORITY: None; Transitional Instruction.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' Breach of Contract (Against Copart) Instructions

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 56**

**Sparta's Claims – Breach of Contract**

To recover damages from Copart for breach of contract, Sparta must prove all of the following:

1. Copart failed to pay the amount due to Sparta under section 15.2 of the Implementation Services Agreement;

2. Sparta was harmed; and

3. Copart's breach of contract was a substantial factor in causing Sparta's harm.

AUTHORITY: CACI 303 – modified; MSJ Order (Dkt. 264); Ex. B to Joint Pretrial Conference Statement (Defendants' Points of Law) (Dkt. 282-2).

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

## INSTRUCTION NO. 57

### Section 15.2

Section 15.2 of the Implementation Services Agreement states:

In the event that Copart terminates this Agreement pursuant to this <u>Section 15.2</u>, then Copart shall pay [Sparta] only for the portion of the Services that have been performed and completed as of the termination date, as such portion agreed by Copart and calculated and documented by [Sparta's] project management software system.

Sparta and Copart dispute that Copart "agreed" to Sparta's performance and completion of services pursuant to the Implementation Services Agreement.  This Court has already determined that "agreed" does not mean the same as "accepted."  Thus, you may find that Copart agreed to Sparta's work under the Implementation Services Agreement even if Copart did not sign a Milestone Signoff for that work.

AUTHORITY: MSJ Order (Dkt. 264) at 14–16.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Defendants' Breach of the Implied Covenant of Good Faith and Fair Dealing (Against Copart) Instructions

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 58**

**Breach of Implied Covenant of Good Faith and Fair Dealing—Essential Factual Elements**

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. Sparta claims that Copart violated the duty to act fairly and in good faith. To establish this claim, Sparta must prove all of the following:

1. That Sparta and Copart entered into the Implementation Services Agreement;

2. That Sparta did all, or substantially all of the significant things that the contract required it to do;

4. That Copart unfairly interfered with Sparta's right to receive the benefits of the Implementations Services Agreement; and

5. That Sparta was harmed by Copart's conduct.

Copart and Sparta do not dispute that they entered into the Implementation Services Agreement and that it is a valid agreement.

AUTHORITY: CACI 325 – modified

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Sparta's Damages
# (Defendants' Instructions)

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**INSTRUCTION NO. 59**

**Breach of Contract (Against Copart) - Introduction to Contract Damages**

I will now read you instructions for how to determine Sparta's damages.

If you decide that Sparta has proved its claim against Copart for breach of contract or breach of the implied covenant of good faith and fair dealing, you also must decide how much money will reasonably compensate Sparta for the harm caused by the breach. The purpose of such damages is to put Sparta in as good a position as it would have been if Copart had performed as promised.

To recover damages for any harm, Sparta must prove that when the contract between it and Copart was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as result of the breach of the contract.

Sparta also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

AUTHORITY: CACI 350 – modified

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

## INSTRUCTION NO. 60

### Breach of Contract and Breach of The Implied Covenant
### (Against Copart) – Damages Claimed by Sparta

The following are the specific items of damages claimed by Sparta for its breach of contract and breach of the implied covenant of good faith and fair dealing claims:

1. Payment for work Sparta performed and completed; and

2. Sparta's unreimbursed expenses.


AUTHORITY: CACI 3903 – modified.

DEFENDANTS' PROPOSED FINAL JURY INSTRUCTIONS
CASE NO. 2:14-CV-00046-KJM-CKD

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on April 9, 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document and supporting documents via the Court's CM/ECF system.


_____
/s/ Paul T. Llewellyn
Paul T. Llewellyn

Attorney for Defendant and Counterplaintiff SPARTA CONSULTING, INC. and Defendants KPIT INFOSYSTEMS, INC. and KPIT TECHNOLOGIES, LTD.