IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COPART, INC., | No. 2:14-cv-00046-KJM-CKD |
|     Plaintiff, | |
|   v. | **JURY COMMUNICATION** |
| SPARTA CONSULTING, INC., KPIT INFOSYSTEMS, INC., and KPIT TECHNOLOGIES LTD., | |
|     Defendants. | |
| ///////////////////// | |
| SPARTA CONSULTING, INC., | |
|     Counterplaintiff, | |
|   v. | |
| COPART, INC., | |
|     Counterdefendant. | |

**COMMUNICATION FROM COURT ABOUT JURY INSTRUCTIONS**

Date sent to jury: 05/21/2018

Time sent to jury: 09:00 a.m.

      The court has corrected Instruction Nos. 45 and 52. The court also has added Instruction No. 51A. Instruction Nos. 45 and

52 should replace the ones previously provided to you.  On receiving these instructions, please return the previous versions of Instruction Nos. 45 and 52 to the Courtroom Deputy.  Please read these corrected instructions and new instruction before you begin your deliberations.

DATED:  May 21, 2018.

_____
UNITED STATES DISTRICT JUDGE

**FINAL INSTRUCTION NO. 45**

**Copart's Claims against Sparta**

**Fraud, Fraudulent Inducement—False Promise, Professional Negligence—Damages**

If you decide that Copart has proven its claims, as explained in Instruction Nos. 16-20 and 26-29, against Sparta for fraud, fraudulent inducement—false promise, or professional negligence, you also must decide how much money will reasonably compensate Copart for the harm.

The amount of damages must include an award for each item of harm caused by Sparta's wrongful conduct, even if the particular harm could not have been anticipated.

Copart does not have to prove the exact amount of damages that will provide reasonable compensation for the harm. However, you must not speculate or guess in awarding damages.

The following are the specific items of damages claimed by Copart:

1. Payments to Sparta for Milestones 1 through 7;
2. Payments to companies or individuals other than Sparta for work on the AIMOS project;
3. The value of Copart's internal labor;
4. The amount of Copart's internal expenses;
5. Copart's lost profits in Germany and Spain resulting from Sparta's fraud, fraudulent inducement—false promise, or professional negligence, as explained in Instruction No. 47.

**FINAL INSTRUCTION NO. 51A**

**Clear and Convincing Evidence**

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim or defense are true. This is a higher standard of proof than proof by a preponderance of the evidence, but it does not require proof beyond a reasonable doubt.

This instruction applies to Instruction Nos. 41 and 51.

# FINAL INSTRUCTION NO. 52

**Sparta's Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing Claims—Damages**

If you decide that Sparta has proven its claim against Copart for breach of contract or breach of the implied covenant of good faith and fair dealing as explained in Instruction Nos. 37-40, you also must decide how much money will reasonably compensate Sparta for the harm caused by the breach. The purpose of such damages is to put Sparta in as good a position as it would have been if Copart had performed as promised.

To recover damages for any harm, Sparta must prove by a preponderance of the evidence that when the contract was made, both parties knew or could reasonably have foreseen that the harm was likely to occur in the ordinary course of events as a result of the breach of contract or breach of the implied covenant of good faith and fair dealing.

Sparta also must prove by a preponderance of the evidence the amount of its damages according to this instruction. Sparta does not have to prove the exact amount of damages. However, you must not speculate or guess in awarding damages.

Sparta claims damages for:

1. Payment for work Sparta performed and completed as provided by section 15.2 of the ISA; and

2. Sparta's unreimbursed expenses.

Sparta's request for damages based on breach of contract and breach of the implied covenant of good faith and fair dealing also is covered by Instruction No. 48.

If you find Copart has proven its waiver affirmative defense, then you should adjust any damages you otherwise award to Sparta, as explained in Instruction No. 41